## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SPENCER MORGAN, FRANCIS NOVAK, and ROWENA KOENIG, on behalf of themselves and all others similarly situated, | Case No.: |
| Plaintiffs, | **CLASS ACTION** |
| v. | **DEMAND FOR JURY TRIAL** |
| HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI d/b/a MOHELA, MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education, and THE UNITED STATES DEPARTMENT OF EDUCATION, | |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiffs Spencer Morgan, Francis Novak, and Rowena Koenig ("Plaintiffs"), individually and on behalf of all others similarly situated (the "Class" as defined below), by and through their attorneys, allege as follows against Defendant Higher Education Loan Authority of the State of Missouri ("MOHELA"), Miguel Cardona, in his official capacity as Secretary of the United States Department of Education, and the United States Department of Education. Plaintiffs allege the following based on (a) personal knowledge, (b) the investigation of counsel, and (c) information and belief.[1]

---

[1] As of the date of this filing, Plaintiffs' counsel have been directly contacted by more than 1,000 members of the putative class.

## INTRODUCTION

1.      This putative class action lawsuit relates to Defendant MOHELA's failure to timely process and render decisions for student loan borrowers enrolled in the Public Service Loan Forgiveness program ("PSLF") and the breaches of contract committed by Secretary Cardona and the United States Department of Education related to the PSLF program.

2.      The Public Service Loan Forgiveness Program, commonly referred to as PSLF, was included in the College Cost Reduction and Access Act, which was signed into law by President George W. Bush in 2007.

3.      In essence, the PSLF program provides that qualifying federal student loans are eligible for forgiveness after 120 qualifying payments (i.e., 10 years of payments) while the borrower is working for a qualifying public service employee. Public service includes working for the government (federal, state, local, or tribal), the U.S. military, and certain non-profit organizations or other entities that provide qualifying public services.

4.      The PSLF program was created to encourage students to enter careers in public service, which typically pay less than comparable private sector positions. By providing for loan forgiveness after 10 years, PSLF provides an avenue for those interested in public service to pursue careers that would otherwise be difficult (or impossible) to pursue due to their student loans.

5.      Until 2022, FedLoan Servicing was the servicer responsible for those enrolled in the PSLF program. When FedLoan Servicing did not renew its contract with the federal government, the Department of Education awarded the contract to MOHELA, which took over as the servicer. Starting in the summer of 2022, PSLF loans were transitioned from FedLoan Servicing to MOHELA.

6.      As part of the federal government's COVID-19 pandemic related relief efforts, federal student loan payments were automatically paused, and the interest rate was set to 0%, from March 13, 2020 until August 29, 2023. Payments that were paused during the COVID-19 pandemic still counted toward PSLF, and borrowers were to receive credits as though they made monthly payments during the payment pause.

7.      On September 1, 2023, consistent with the Fiscal Responsibility Act of 2023, borrowers' student loans began accruing interest again, and borrowers were required to restart making student loan payments shortly thereafter.

8.      Despite being the PSLF servicer for over a year before student loan payments were resumed, borrowers have reported that MOHELA has not timely processed and rendered decisions on pending PSLF applications. In some instances, the PSLF applications have been sitting for over a year and MOHELA has still not rendered a decision. When borrowers call to obtain more information, they are stuck on hold for hours waiting for a customer service representative. When borrowers are eventually connected with a customer service representative, they are often told more information will be available in 60 to 90 days, but no new information becomes available and the application remains unprocessed.

9.      Borrowers have also reported that MOHELA's customer service representatives are pointing the finger partially at the Department of Education by stating that, in some instances, MOHELA cannot process the application until they receive more information about the borrower from the Department of Education.

10.     As a result of MOHELA's delays, as well as the delays of the Department of Education and Secretary Cardona, those enrolled in PSLF are now forced to make payments on loans that should have already been forgiven. Even in the event of purported deficiencies in the

applications, if MOHELA had rendered a timely decision on the applications it would have provided applicants with sufficient time to cure any purported deficiencies before payments became due and would have minimized the amount of any overpayments.

11.     Accordingly, Plaintiffs on behalf of themselves and all others similarly situated, bring this action to redress MOHELA's breaches of fiduciary duties, negligence, unjust enrichment, breach of contract, violations of certain consumer protection statutes in both New York and California, to redress the breaches of contract by Department of Education and Secretary Cardona, and to pursue injunctive relief enjoining MOHELA from its ongoing injurious conduct.

### JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members; (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs; and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

13.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because MOHELA is headquartered and regularly transacts business in this district, is subject to personal jurisdiction in this district and, therefore, is deemed to be a citizen of this district. Additionally, MOHELA advertises in this district and has received substantial revenue and profits in this district; therefore, a substantial part of the events and/or omissions giving rise to the claims herein occurred, in part, within this district. The Department of Education also awarded the PSLF contract to MOHELA, which is headquartered in this district, and borrowers eligible for forgiveness also reside in this district.

14.     This Court has personal jurisdiction over MOHELA because it is headquartered in this judicial district, has conducted substantial business in this judicial district, and MOHELA holds loans from consumers within Missouri and throughout the United States. Personal jurisdiction is proper as to Secretary Cardona and the Department of Education because the members of the putative class reside in this district, because the Department of Education receives loan payments from members of the putative class that reside in this district, and because the Department of Education has breached its contracts with members of the putative class that reside in this district by not providing forgiveness under PSLF. Further, in some instances, Secretary Cardona and the Department of Education have failed to provide borrower information to MOHELA, which is headquartered in this judicial district.

## PARTIES

### Plaintiff Spencer Morgan

15.     Plaintiff Spencer Morgan is a citizen of New York, and currently resides in Lake View, New York.

16.     Plaintiff Morgan's student loans were transferred to MOHELA in approximately October of 2022 because of Plaintiff Morgan's enrollment in the Public Service Loan Forgiveness Program.

17.     Plaintiff Morgan has made over 120 qualifying payments, and thus is eligible for student loan forgiveness.

18.     Plaintiff Morgan has submitted a PSLF application to MOHELA in an attempt to have his student loans forgiven. Plaintiff Morgan submitted this application in October of 2023.

19.     Despite Plaintiff Morgan's application and numerous attempts to contact MOHELA about the same, MOHELA has failed to timely process and render a decision on Plaintiff Morgan's application.

20.     After Plaintiff Morgan's student loans were not forgiven, payments for Plaintiff Morgan's loans have come due for November 2023, December 2023, and January 2024, which he has paid.

21.     Had MOHELA timely processed and rendered decisions on his PSLF application, and had the Department of Education and Secretary Cardona properly oversaw and managed MOHELA to ensure it complied with the terms of the PSLF program by timely processing and rendering decisions on forgiveness applications, his loans would have been forgiven and these payments would not be due. Further, if there were any deficiencies in Plaintiff Morgan's application, a timely decision would have provided Plaintiff Morgan with sufficient time to cure any purported deficiencies prior to any payments coming due.

22.     Plaintiff Morgan has suffered an ascertainable loss as a result of Defendant's conduct, including, but not limited to, out of pocket losses associated with payments coming due after Plaintiff Morgan applied for forgiveness.

**Plaintiff Francis Novak**

23.     Plaintiff Francis Novak is a citizen of New York, and currently resides in New York, New York.

24.     Plaintiff Novak's student loans were transferred to MOHELA in approximately August of 2022 because of Plaintiff Novak's enrollment in the Public Service Loan Forgiveness Program.

25.     Plaintiff Novak has made over 120 qualifying payments, and thus is eligible for

student loan forgiveness.

26.     Plaintiff Novak has submitted numerous PSLF applications to MOHELA in an attempt to have his student loans forgiven. Plaintiff Novak submitted these applications in August of 2022, January of 2023, August of 2023, October of 2023, and November of 2023.

27.     Despite Plaintiff Novak's numerous applications to MOHELA, MOHELA has failed to timely process and render a decision on Plaintiff Novak's applications.

28.     After the pandemic loan forbearance ended, Plaintiff Novak's student loans were not forgiven and Plaintiff Novak has had payments come due for November 2023, December 2023, and January 2024, which he has paid.

29.     Had MOHELA timely processed and rendered decisions on his PSLF application, and had the Department of Education and Secretary Cardona properly oversaw and managed MOHELA to ensure it complied with the terms of the PSLF program by timely processing and rendering decisions on forgiveness applications, his loans would have been forgiven and these payments would not be due. Further, if there were any deficiencies in Plaintiff Novak's application, a timely decision would have provided Plaintiff Novak sufficient time to cure any purported deficiencies prior to any payments coming due.

30.     Plaintiff Novak has suffered an ascertainable loss as a result of Defendant's conduct, including, but not limited to, out of pocket losses associated with payments coming due after Plaintiff Novak applied for forgiveness.

**Plaintiff Rowena Koenig**

31.     Plaintiff Rowena Koenig is a citizen of California, and currently resides in Oakland, California.

32.     Plaintiff Koenig's student loans were transferred to MOHELA in approximately

September 2022, because of Plaintiff Koenig's enrollment in the Public Service Loan Forgiveness Program.

33.     Plaintiff Koenig has made over 120 qualifying payments, and thus is eligible for student loan forgiveness.

34.     Plaintiff Koenig has submitted a PSLF application to MOHELA in an attempt to have her student loans forgiven.

35.     On September 21, 2023, MOHELA sent letters to Plaintiff Koenig informing her that she had met the 120 qualifying payments required for forgiveness and that her loans were eligible for forgiveness. On October 18, 2023, Plaintiff Koenig received an email confirming her eligibility, noting that "[t]here is nothing further you need to do at this time."

36.     Despite Plaintiff Koenig's application and MOHELA's assurances, MOHELA has failed to timely process and provide the required forgiveness for two of her loans, despite providing the required forgiveness for her other four loans.

37.     After MOHELA failed to provide the required forgiveness, it has since informed Plaintiff Koenig that her payments are not eligible, despite previously deeming them as eligible.

38.     After Plaintiff Koenig's student loans were not forgiven, payments for Plaintiff Koenig's loans have come due for December 2023 and January 2024, which she has paid.

39.     Had MOHELA timely processed and rendered decisions on her PSLF application, and had the Department of Education and Secretary Cardona properly oversaw and managed MOHELA to ensure it complied with the terms of the PSLF program by timely processing and rendering decisions on forgiveness applications, her loans would have been forgiven and these payments would not be due. Further, if there were any deficiencies in Plaintiff Koenig's application, a timely decision would have provided Plaintiff Koenig with sufficient time to cure

any purported deficiencies prior to any payments coming due.

40.     Plaintiff Koenig has suffered an ascertainable loss as a result of Defendants' conduct, including, but not limited to, out of pocket losses associated with payments coming due after Plaintiff Koenig applied for forgiveness.

**Defendant MOHELA**

41.     Defendant MOHELA is a non-profit corporation created by the State of Missouri with its headquarters located in St. Louis, Missouri. MOHELA maintains operating centers in Columbia, Missouri and an office in Washington D.C.[2]

42.     MOHELA provides student loan servicing and higher education financing services.[3] MOHELA was awarded a contract with the federal government that made it the exclusive servicer for PSLF after the previous servicer, the Pennsylvania Higher Education Assistance Agency, did not renew its contract.[4]

43.     MOHELA advertises that it is "dedicated to providing world-class customer service for the students whose loans we manage. As your knowledgeable and approachable go-to resource for account information and repayment options, we provide the tools to help you successfully repay your student loan. MOHELA is here to assist you!"[5]

44.     MOHELA states that its "expert and tenured staff" numbers 1,200 employees, and that they are: "well-trained to understand Federal Policy and Regulations," "skilled in offering

---

[2] https://www.mohela.com/DL/common/about.aspx (last visited January 26, 2024).
[3] *Id.*
[4] https://fsapartners.ed.gov/knowledge-center/library/electronic-announcements/2022-06-03/public-service-loan-forgiveness-program-transitioning-fedloan-servicing-mohela-updated-dec-14-2022 (last visited January 26, 2024).
[5] https://www.mohela.com/DL/common/about.aspx (last visited January 26, 2024).

excellent customer service," and will offer "a personalized interaction to meet the unique needs of each student borrower we service."[6]

45.     MOHELA also advertises that it is an "Official Servicer of Federal Student Aid" and that borrowers "have a network of support to help you succeed with your federal student loan repayment. Find out how Federal Student Aid partners with loan servicers to be here when you need help."[7]

**Defendant Miguel Cardona**

46.     Defendant Miguel Cardona is the Secretary of Education ("Secretary Cardona") and charged by statute with the supervision and management of all decisions and actions of the United States Department of Education. Secretary Cardona is being sued solely in his official capacity as the Secretary of Education. Secretary Cardona maintains an office at 400 Maryland Avenue, SW, Washington, D.C., 20202.

**Defendant United States Department of Education**

47.     Defendant United States Department of Education ("Department") is an agency of the United States, with its headquarters located in the District of Columbia and its principal office located at 400 Maryland Avenue, SW, Washington, D.C., 20202. The Department is responsible for the oversight and implementation of all rules surrounding the federal student loan aid programs, including PSLF.

---

[6] *Id.*
[7] https://www.mohela.com/DL/resourceCenter/ToOurCustomers.aspx# (last visited January 26, 2024)

## FACTUAL ALLEGATIONS

**A.     The Public Service Loan Forgiveness Program**

48.     The PSLF program was created when the College Cost Reduction and Access Act of 2007 ("CCRAA") was passed in 2007. The CCRAA was passed in part to encourage students to enter careers in public service. The CCRAA passed the House 292 to 97, passed the Senate 79 to 12, and was signed into law by President George W. Bush.

49.     As explained on the Department of Education's website, PSLF "forgives the remaining balance your Direct Loans" if two criteria are satisfied: (1) "after you've made the equivalent of 120 qualifying monthly payments under an accepted repayment plan," and (2) "while working full-time for an eligible employer."[8]

50.     Under the first criteria, accepted repayment plans include "all income-driven repayment (IDR) plans (plans that base your monthly payment on your income and household size) and the 10-year Standard Repayment Plan."[9] There are four IDR plans offered: (1) Saving on a Valuable Education (SAVE) Plan (formerly REPAYE); (2) Pay As You Earn (PAYE) Repayment Plan; (3) Income-Based Repayment (IBR) Plan; and (4) Income-Contingent Repayment (ICR) Plan.[10]

51.     Payments made under a 10-year standard repayment plan, however, are also eligible for PSLF forgiveness. As the Department of Education explains, "While payments made under the 10-year Standard Repayment Plan are qualifying payments, you might have to change to an IDR plan to benefit from PSLF. Under the 10-year Standard Repayment Plan, generally your loans will

---

[8] https://studentaid.gov/manage-loans/forgiveness-cancellation/public-service
[9] https://studentaid.gov/manage-loans/forgiveness-cancellation/public-service#qualifying-repayment-plans
[10] *Id.*

be paid in full once you have made 120 qualifying PSLF payments so there would be no balance left to forgive unless periods of qualifying deferments or forbearances are included in your 120 qualifying payments."[11]

52.     The second criteria, which requires the payments are made while working full-time for an eligible employer, essentially requires that the individual be employed by a governmental organization or not-for-profit organization. According to the Department of Education, "eligible employers" generally include:

## Which Employer Types Are Eligible

| Eligible | Ineligible |
| --- | --- |
| • U.S.-based government organizations at any level (federal, state, local, or tribal) – this includes the U.S. military | • For-profit organizations, including for-profit contracted organizations |
| • Not-for-profit organizations that are tax-exempt under Section 501(c)(3) of the Internal Revenue Code | • Labor unions |
| • Other not-for-profit organizations that devote a majority of their full-time equivalent employees to providing certain qualifying public services | • Partisan political organizations |

53.     In response to the COVID-19 pandemic, the Department of Education implemented relief for federal student loans. The relief included a payment pause, which it refers to as placing the loan into administrative forbearance.[12] It also reduced the interest rate of federal student loans to 0%. These relief efforts lasted from March 13, 2020 until August 29, 2023.[13]

---

[11] *Id.*
[12] https://studentaid.gov/announcements-events/covid-19 (last visited January 26, 2024).
[13] https://crsreports.congress.gov/product/pdf/IF/IF12472 (last visited January 26, 2024).

54.     Relevant here, payments that were paused count toward loan forgiveness under PSLF. As stated by the Department of Education, "Borrowers will continue to see the COVID-19 related forbearances counted toward IDR and PSLF forgiveness."[14] In other words, the approximately 3 years of administrative forbearance is counted toward the 120 qualifying payments under PSLF as if the payments had been made:

## Public Service Loan Forgiveness (PSLF)

Payments that were paused for COVID-19 count toward PSLF and TEPSLF as long as you met all other PSLF qualifications. You will get credit as though you made monthly payments during the payment pause.

To see these qualifying payments in your account, you must submit a PSLF form certifying your employment for the payment pause time period. Your count of qualifying payments toward PSLF updates only when you certify your employment.

55.     Another benefit provided by PSLF is that any amounts forgiven do not create federal tax liability pursuant to 26 U.S.C. § 108(f).

56.     For individuals eligible for PSLF, they are instructed to submit a form to MOHELA.[15] The Department of Education further states that "Once your cumulative total of qualifying payments reaches 120, the PSLF servicer [MOHELA] will confirm your eligibility and forgive your remaining balance."[16]

**B.      The CARES Act Provides Student Loan Relief During the Pandemic**

57.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was passed by Congress on March 25, 2020 and signed into law on March 27, 2020.

---

[14] https://studentaid.gov/announcements-events/idr-account-adjustment (last visited January 26, 2024).
[15] https://studentaid.gov/pslf/  (last visited January 26, 2024).
[16] https://studentaid.gov/manage-loans/forgiveness-cancellation/public-service#qualifying-repayment-plans (last visited January 26, 2024).

58.     Relevant here, the CARES Act included temporary relief for federal student loan borrowers, and provided for the suspension of collection of federally held student loan debt and also stopped the accrual of interest during the term of the payment pause. The payment pause was extended at various points throughout the COVID-19 pandemic.

59.     The payment pause ended when President Biden signed the Fiscal Responsibility Act of 2023, which ended it 60 days after June 30, 2023 (i.e., August 29, 2023).[17]

60.     Accordingly, interest began accruing on borrowers' loans on and the first payments after the payment pause instituted under the CARES Act were then scheduled for October of 2023.

## C.     Background on MOHELA

61.     MOHELA was created by the State of Missouri on June 5, 1981. *See* Mo. Rev. Stat. § 173.360.  Originally, MOHELA was created "to assure that all eligible postsecondary education students have access to student loans." *Id.* Since its creation, the legislation has been amended that expanded MOHELA's powers to include the financing, origination, acquisition, and service of student loans.[18]

62.     MOHELA is governed by a board of seven members. *See* Mo. Rev. Stat. § 173.360. Five members of the board are appointed by the governor, as well as a member of the coordinating board and the commissioner of higher education. *Id.* Of the five board members appointed by Missouri's governor, two must be representatives of higher education institutions (one public and one private), two must be representatives of lending institutions in Missouri, and one must be a representative of the public. *Id.* Members of the board can be removed by the governor for

---

[17] https://crsreports.congress.gov/product/pdf/IF/IF12472 (last visited January 26, 2024).
[18] https://www.mohela.com/DL/common/publicinfo/financialStatements.aspx (FY 2023, at 5).

misfeasance, malfeasance, willful neglect of duty, or other cause after notice and a public hearing. *Id.*

63.     Since its creation, MOHELA has grown to be one of the largest student loan servicers in the United States.

64.     As of June 30, 2023, MOHELA was responsible for servicing 7.8 million federal loan accounts.[19] Specifically, from June 30, 2022 to June 30, 2023, MOHELA serviced 2.6 million additional accounts. As a result, MOHELA's servicing fees increased 160% in fiscal year 2023 from $171.7 million to $279.2 million. According to its 2023 financial statement, MOHELA "is a leading holder and servicer of student loans with $363.3 billion in student loan assets serviced as of June 30, 2023."[20]

65.     MOHELA became the student loan servicer for PSLF in July 2022. According to MOHELA, "Borrowers pursuing PSLF will be transferred to MOHELA upon the approval of their submitted PSLF form."[21]

66.     The contract awarding MOHELA the PSLF loans was lucrative. For fiscal year 2023, MOHELA earned $68.7 million in PSLF serving fees.

67.     This increase in servicing fees from PSLF improved the performance of MOHELA's financials. As explained in its 2023 Financial Statement: "Total operating revenues increased $243.9 million to $358.6 million in fiscal year 2023 from $114.7 million in fiscal year 2022. The primary reason for the increase was an increase in net serving fee revenue of $171.7 million due to the Company's growth in the number of borrowers serviced, including PSLF."[22]

---

[19] https://www.mohela.com/DL/common/publicinfo/financialStatements.aspx (FY 2023).
[20] *Id.* at 5.
[21] *Id.* at 8.
[22] *Id.* at 14.

68.     Student loan servicing entails greater responsibility than just accepting and processing payments. As MOHELA recognizes, it also involves answering questions about the account status, repayment options, and benefits.[23] In the case of PSLF loans, it also entails assisting borrowers with the loan forgiveness process.

69.     MOHELA recognizes the critical nature of customer support, as it advertises on its website: "With over 40 years in the student loan servicing industry, we have the expertise to help manage your loans – answer any account questions, help you explore your benefits and repayment options and process your payments."[24]

70.     MOHELA emphasizes its "Customer Promise" which states that "MOHELA is committed to giving our customers a first-rate experience. To aid in repaying your student loans, we promise to listen, offer customized solutions to meet your specific needs and provide superior guidance as your dedicated resource expert." *Id.*

71.     In addition, MOHELA advertises that it "will share important information including any actions you may need to take" during the "student loan life cycle (in school, in grace or in repayment)."[25]

**D.      MOHELA's Delays Prompt Government Scrutiny and Fines**

72.     After the COVID-19 loan forbearance period ended, the spotlight shifted to MOHELA as borrowers were notified that student loan payments would be due again in October 2023.

73.     Accountholders checked their MOHELA web portals and observed a number of issues with their accounts, ranging from not receiving credit for all qualifying payments,

---

[23] https://www.mohela.com/DL/FAQs/DLNewUser.aspx (last visited January 26, 2024).
[24] *Id.*
[25] *Id.*

unprocessed loan forgiveness applications, incorrect payment plans, and incorrect repayment amounts.

### 1.   Senators Send a Letter to MOHELA in June of 2021

74.     On June 21, 2021, Senator Elizabeth Warren (D-MA), along with Senators Tina Smith (D-Minn.) and Edward J. Markey (D-MA), sent a letter to Raymond H. Bayer, Jr., the Chief Executive Officer of MOHELA. The letter was sent to request information regarding MOHELA's "plans to support the millions of federal student loan borrowers who are scheduled to transition into repayment once the pause on their loan payments and interest ends in September." A copy of the letter is attached hereto as **Exhibit 1**.

75.     The letter notes that borrowers who were previously making auto-debit payments prior to the pandemic will see them automatically resume unless borrowers contact their loan service ahead of time.

76.     The letter also observed that "Student loan services have an abysmal track record of helping borrowers navigate financial problems and complex repayment plans, and this lack of borrower support has continued throughout the pandemic."

77.     The letter went on to state that the "student loan payment and interest pause presents MOHELA and other servicers with an opportunity to enroll borrowers in an appropriate repayment plan and to avoid dropping them into an untenable situation when their payments resume, but this will require a coordinated and proactive approach that goes beyond blanket emails and form letters."

78.     The letter concluded by asking for information about the number of borrowers that will transition back into repayment, what proactive approaches were taken to ensure borrowers are

on the right repayment plan, what steps were being taken to protect borrowers on PSLF, information on the breakdown of federal direct loans, and other information.

79.     MOHELA responded by letter on July 6, 2021. A copy of the letter is attached hereto as **Exhibit 2**. Among other things, MOHELA stated it was "making outbound calls to 'check in' with borrowers which includes repayment plan information," that it was "[a]ctively recruiting, hiring, and training Customer Service Representatives," it was conducting "[r]efresher training," and that MOHELA was "on schedule" to hire and train 74 staff members, after laying off a total of 63 "early in the pandemic."

**2.  Senators Send a Letter to MOHELA in December 2021**

80.     On December 2, 2021, Senator Elizabeth Warren (D-MA), along with Senators Chris Van Hollen (D-Md.), Richard Blumenthal (D-Conn.), and Tina Smith (D-Minn.), sent a letter to Raymond H. Bayer, Jr., the Chief Executive Officer of MOHELA. The letter noted (at that time), that repayment would resume on student loan borrowers' federal loans in 60 days, and that the "simultaneous restart of 32 million borrowers' loans, half of whom will also be transferring to a new loan servicer, marks an unprecedented event with a heightened risk of borrower harm." A copy of the letter is attached hereto as **Exhibit 3**.

81.     The letter began by highlighting that, based off the servicer responses to the Senators' June 21, 2021 letter, servicers had little contact with borrowers during the pandemic payment pause, and that most servicers reported that borrowers had gone more than a year without significant, proactive outreach from their loan servicer.

82.     Moreover, the letter noted that all servicers reported they needed "more time to ensure that staffing was adequate to support borrowers, estimating that they would need from 57

to as many as 900 hires." The letter summarized that the "process of recruiting, hiring, training, and supervising additional staff was expected to take three to four months."

83.     The letter went on to observe that the services indicated they were seeking "flexibility and streamlined processes from the Education Department to facilitate moving borrowers back into repayment more smoothly."

84.     On June 23, 2021, the Senators shared their findings with President Biden and asked that the Department of Education delay the repayment restart date. In August of 2021, the Department of Education announced they were pushing back the payment restart date to January 31, 2022.[26]

85.     After recounting the previous correspondence with the student loan servicers, the letter noted that the "last few months have also seen major transitions in federal student loan servicing, with two of the largest servicers leaving the program" and the servicers would need to take on millions of new borrowers.

86.     The letter also stated that the Office of Federal Student Aid ("FSA") announced new contract extensions "with new and higher standards for the level of service student borrowers will receive," which include performance metrics for customer service representatives' ability to answer borrower questions and help with navigating repayment options along with expanded call center hours. The letter warned that "servicers will need to work urgently to hire and train staff to meet these higher thresholds in time for the payment restart."

87.     The letter concluded with requests for information on MOHELA's "readiness for the restart of payments and to meet FSA's stronger standards for protecting borrowers", which

---

[26]

https://www.ed.gov/news/press-releases/biden-administration-extends-student-loan-pause-until-january-31-2022 (last visited January 26, 2024)

included steps that MOHELA took to ensure borrowers would successfully transition back to repayments, details on outreach to borrowers, what proactive steps had been taken to ensure borrowers were placed on the right payment plan, overviews on the increase in hiring and training new staff, and whether FSA's new expectations would be met. The Senators also requested information about protections to ensure that account and payment histories were fully and accurately transferred.

### 3. Senators Send Another Letter to MOHELA in July 2023

88.     On July 18, 2023, Senator Elizabeth Warren (D-MA), along with Senators Chris Van Hollen (D-MD), Sherrod Brown (D-OH), Richard Blumenthal (D-CT), Edward J. Markey (D-MA), and Robert Menendez (D-NJ), sent a letter to Scott Giles, the Chief Executive Officer of MOHELA regarding MOHELA's "plans to support the more than 40 million federal student loan borrowers who will resume payments on their student loans for the first time in more than three and a half years following the enactment of the *Fiscal Responsibility Act*, which codifies the termination of the suspension on loan payments, interest, and collections related to the COVID-19 pandemic on August 30, 2023." A copy of the letter is attached hereto as **Exhibit 4**.

89.      The letter noted that the Senators' previous correspondence with student loan servicers indicated "they had little engagement with borrowers throughout the pandemic and were not prepared to support borrowers once payments resumed."

90.     The letter expressed concern that significant changes to the loan servicing program since the start of the pandemic "increase the risk that borrowers could fall through the cracks when payments resume" and transfers between servicers "can result in costly errors to borrower accounts." Specifically, the letter noted that in 2015 the Consumer Financial Protection Bureau ("CFPB") found when servicers transferred, nearly 20% of accounts contained mistakes such as

incorrect balances, missing payments, improper claims of delinquency, revised amortization schedules that resulted in higher monthly payments, and more.

91.     The letter also expressed concern that in 2022, borrowers had to wait up to **nine hours** on the phone after reaching out to their loan servicer about the PSLF program. The letter stated that "it is critical that servicers dedicate sufficient staff to respond to borrowers seeking information about the return to repayment, provide accurate information to borrowers about their payment obligations and options to manage their loan, ensure borrowers are assigned to the appropriate payment plan, and notify borrowers about any changes on a timely basis."

92.     The letter concluded by asking a series of questions about the number of loans serviced, how many borrowers have contacted MOHELA, how many customer service representatives were new hires and details about the training provided, average call and response times, how many borrowers have confirmed contact information, how missing or incomplete information is detected and remedied, and other questions. The letter asked for MOHELA to respond by August 1, 2023.

93.     On August 8, 2023, MOHELA sent a letter responding to Senator Warren. A copy of the letter is attached hereto as **Exhibit 5**.

94.     The letter states that "MOHELA is a federal contractor, paid a static fee for servicing via steady-state agreement" but further states that "[n]ew directives for the evolving loan administration plans continue to arrive, and MOHELA must adhere to this guidance in its administration of this FSA programming, but additional funds are limited to what we are allocated for this unprecedented turn of events, including the 12-month on-ramp period." MOHELA noted that "we are anticipating extended wait times and servicing delays as a result."

95.     In response to the request for information in Senator Warren's letter, MOHELA stated the following:

- As of February 1, 2020, MOHELA serviced 2,464,028 student borrowers;

- As of August 3, 2023, MOHELA serviced 7,773,939 student borrowers;

- From June 1, 2023 until July 26, 2023, MOHELA was contacted by a total of 362,441 borrowers, via web and by phone;

- After MOHELA became the PSLF servicer beginning on July 1, 2022, MOHELA received an "unprecedented volume of forms" and that "it was agreed that the communication to customers was to please allow at least 90-business days for their form to be processed before calling in to request an escalation";

- As of February 1, 2023, MOHELA had 483 staff;

- As of the date of the letter, MOHELA had "474 released customer service representatives" and another "606 in various stages of training";

- MOHELA projected a total need of 1,177 customer service agents, which it was "97 away" from;

- MOHELA stated that "MOHELA is paid a static fee per account status as of the end of each month" but due to "budgetary constraints, FSA has reduced certain fees paid to MOHELA and has not indicated an investment in resources beyond what is currently delineated in the contract";

96.     MOHELA's letter goes on to state that it is "now facing a return-to-repayment set to bring an unprecedented surge in activity in the near future, one which is expected to last well into 2024. Due to its temporary and extreme nature, implementation of the return-to-repayment process cannot be considered a steady-state environment. While MOHELA is regularly assessing

the situation, were MOHELA to move forward with further expanded staffing at its own expense, especially given the wildly fluctuating demands on our staff, the added personnel would threaten MOHELA's financial stability."

97.     MOHELA further states that "[u]nfortunately, the immediacy of return-to-repayment amid ever-increasing changes to the contract administration requirements and expanded training needs, combined with the lack of sufficient funding from FSA, mean extensive servicing delays are a likely outcome."

### 4. Senators Issue a Letter to Secretary Cardona on September 21, 2023

98.     Senator Robert Menendez (D-NJ), along with Senators Angus S. King, Jr. (Independent-ME), Alex Padilla (D-CA), Elizabeth Warren (D-MA), Edward Markey (D-MA), and Cory Booker (D-NJ), sent a letter to Miguel Cardona, the Secretary of Education, on September 21, 2023. A copy of the letter is attached hereto as **Exhibit 6**.

99.     The letter expressed "severe concerns" with the reported servicing issues at MOHELA, which is "the sole student loan servicer for borrowers pursuing Public Interest Loan Forgiveness (PSLF)."

100.    The letter succinctly recounted concerns that the Senators had received from their constituents. Among the issues, the letter states: "Many borrowers report that they have not received credit for all of the qualifying payments they have made, have experienced long wait times when attempting to contact MOHELA representatives for any type of assistance, and some borrowers who have been approved for forgiveness report long wait times to actually get the refunds to which they are entitled."

101.    The Senators stated that "[b]orrowers who are eligible to have their debt cancelled under the PSLF program should not be forced back into repayment due solely to MOHELA's

processing delays, which cause difficult financial situations for so many borrowers" and that "MOHELA appears to be continuing a legacy of lost paperwork, long call wait times, and processing errors and delays."

102.    The Senators' letter also addressed the consequences of the processing issues and long wait times, stating that "MOHELA services more than 8 million borrowers, many of whom have suffered negative economic and mental health consequences as a result of these longstanding servicing issues."

103.    In closing, the Senators requested that Secretary Cardona provide additional information about the nature and scope of the processing delays, including information about the tools the Department of Education has "to hold MOHELA accountable for failing to comply with its federal contract in processing PSLF forms in a timely way."

**5.   Senators Again Express "Concern" on September 27, 2023**

104.    On September 27, 2023, Senator Elizabeth Warren (D-MA), along with Senators Chris Van Hollen (D-MD), Edward J. Markey (D-MA), and Richard Blumenthal (D-CT), sent a letter to MOHELA that expressed their "concern[] as millions of federal student loan borrowers are set to resume student loan payments for the first time in more than three and a half years starting in October." A copy of the letter is attached hereto as **Exhibit 7**.

105.    The letter was intended to be a follow up to the previous letter sent in July 2023 due to the response from MOHELA, as well as "troubling reports from individual borrowers that are having problems with their services" which left the Senators "deeply worried about [MOHELA's] preparedness for this unprecedented return to repayment."

106.    The Senators expressed particular concern that as of August 2023, loan servicers had not been in contact with the millions of borrowers, and observed that millions of new

borrowers between MOHELA, Aidvantage, and Edfinancial had not created accounts with their new servicers, and that they did not have accurate and updated contact information for transferred borrowers.

107.     The letter also casted doubt on the statements that the average phone wait time for borrowers would be less than 5 minutes, as reports indicated that "some borrowers are waiting three or four hours before connecting with a representative to determine how much their payments will be, or when their payments will be due." The letter referenced unpublished federal data that demonstrated "over half of borrowers were on hold for so long that they gave up before connecting with a representative."

108.     The Senators recognized the importance of borrowers being able to contact their student loan servicer, found the wait times "deeply troubling" and further observed that "borrowers who cannot get a hold of their student loan servicer ahead of repayment may not know their payment amount, and they cannot learn the various payment plans to determine the best one for their specific circumstances or determine their eligibility for various forms of loan relief."

109.     The letter also recounted that customer service representatives for the servicers were providing borrowers with incorrect information. One citation referenced a news article published on The American Prospect, which discussed issues a graduate of Rutgers' School of Law was experiencing with MOHELA.[27]

110.     The article noted the borrower had $84,157 in loans and had recently switched careers to a nonprofit university, reducing her income by about 50%, and applied for PSLF. She was transferred to MOHELA and her monthly payment was set at $80.69. By the end of May of

---

[27] https://prospect.org/education/2023-08-31-student-borrowers-report-chaos-repayment-looms/
(last visited January 26, 2024).

2023, she received a notice that her payment jumped from $80.69 to $993.99. She called MOHELA and was placed in administrative forbearance. On July 7, 2023, she received a letter from MOHELA that denied her application for income-driven repayment ("IDR"), but she was already on an IDR plan. The error appeared to be a computer glitch, and a customer service representative told her it was a "system error, a known error, affecting many borrowers." Despite the error surfacing in May, it still had not been resolved by August.

111.    The article also recounted an experience from a borrower who also worked as a student loan attorney, and experienced a similar issue when switching to PSLF and being transferred to MOHELA. The Senators placed her quote in their letter, stating: "She noted that "[t]oo often, when servicers make mistakes, borrowers are left paying the price, often with money they couldn't afford to lose in the first place," *and she's right*." (emphasis added).

112.    The letter concluded by asking MOHELA to respond with information on a variety of issues, including information on average call wait times, details on navigating the automated phone tree, phone and email response wait times, staff training, and other issues.

**6. The DOE Releases an Internal Memorandum regarding Loan Servicer Issues**

113.    The Department of Education recently published an internal memorandum titled "Request Approval: Use of Secretary's Compromise Authority for Remediating Potential Harm to Borrowers Caused by Return to Repayment Servicing Errors" (hereafter, the "DOE Memo").[28]

114.    The DOE Memo "identified several cohorts of borrowers returning to repayment who may have been harmed by servicing errors."

---

[28] https://www2.ed.gov/policy/gen/leg/foia/decision-memorandum-return-to-repayment-servicing-errors-10-29-23-signed-redacted.pdf (last visited January 26, 2024). All citations in this section refer to the DOE Memo.

115.    Among other things, the DOE Memo notes that "FSA and servicer call centers have struggled to handle the volume of borrowers seeking information and making repayment arrangements." It also states that "only half of borrowers trying to call their servicer this week actually got through (approximately 52 percent abandonment rate)."

116.    Of particular note, regarding PSLF specifically, it states:

- **Lost IDR/PSLF Credit** – While delinquent borrowers in a repayment status would receive credit toward IDR and PSLF under the IDR adjustment, if these borrowers are placed in retroactive administrative forbearances in a way that does not leave at least one day per month in a repayment status for each month, these borrowers will likely not receive IDR/PSLF credit (unless they qualify for the forbearance exceptions). The remediation here is to ensure these borrowers receive appropriate credit toward IDR and PSLF forgiveness.

117.    The DOE Memo states that it seeks to ensure both "borrowers receive credit toward IDR/PSLF forgiveness while their monthly payments are being recalculated" and "affected borrowers do not accrue any interest while their accounts are being corrected."

118.    Regarding borrowers' reliance on servicers, the DOE Memo states that FSA's call monitoring team listened into calls between borrowers and servicers where customer service representatives simply advised customers to submit new applications online.

119.    The DOE Memo states that the "issues contributing to these servicing errors were largely out of the borrower's control."

120.    At the end of the DOE Memo, it assesses the potential for litigation "against the Department or one of FSA's vendors (e.g., a class action lawsuit)." It observes that "If FSA does not fully remediate the harm experienced by borrowers due to servicing errors, there is a significant litigation risk against the Department and/or our vendors." Relevant excerpts of the DOE Memo are included below:

It is likely that, if FSA fails to fully remediate these borrower as promised, borrowers who were financially harmed due to servicing errors would seek a legal remedy against their servicers and/or the Department. Although the Department is immune from certain types of borrower claims related to servicing and oversight of servicers, liability for the servicers themselves could also limit the Department's ability to enforce these loans in full in the future.

Additionally, these servicing errors potentially violate several federal and state consumer protection laws.  Federal and state regulators who are currently conducting supervisory examinations of FSA's loan servicers to monitor return to repayment have already indicated that if FSA does not fully remediate these borrowers, they will likely find violations of their consumer protection laws and require servicers to remediate the problems experienced by borrowers themselves and impose monetary fines against the servicers, while not fully fixing the problems caused for borrowers. Servicers facing these penalties may file "Requests for Equitable Adjustments" (REAs) demanding that FSA reimburse them for the additional costs beyond those clearly attributable to their own errors, such as receiving conflicting information from prior servicers and unclear or erroneous information from FSA.

121.    Despite the remediation plan described in the DOE Memo, Plaintiffs and the putative class's student loans are not in administrative forbearance with MOHELA, interest is continuing to accrue, monthly payments are still coming due, and their forgiveness applications remain unprocessed.

### 7.  The Department of Education Withholds a $7.2 Million Payment from MOHELA

122.    On October 30, 2023, the Department of Education announced that it was withholding a $7.2 million payment from MOHELA after it found MOHELA failed to send on-time billing statements to 2.5 million borrowers.[29]

123.    The DOE announcement stated that "the Department found that MOHELA failed to meet its basic obligation by failing to send billing statements on time to 2.5 million borrowers – some within only seven days of their payment date - and over 800,000 borrowers being delinquent on their loans as a result. In response to identifying this error, the Department is withholding $7.2 million in payment to MOHELA for October, and has directed MOHELA to

---

[29] https://www.ed.gov/news/press-releases/us-department-education-announces-withholding-payment-student-loan-servicer-part-accountability-measures-harmed-borrowers (last visited January 26, 2024).

place all affected borrowers in forbearance until the issue is resolved. Any months these borrowers are in forbearance will count as credit towards loan forgiveness through Public Service Loan Forgiveness and Income Driven Repayment plans."

124.    Secretary of Education Miguel Cardona also issued a statement: "The actions we've taken send a strong message to all student loan servicers that we will not allow borrowers to suffer the consequences of gross servicing failures. We are committed to fixing our country's broken student loan system, and that includes strengthening oversight and accountability and taking every step possible to improve outcomes for borrowers."

125.    FSA Chief Operating Officer Rich Cordray also issued a statement, echoing the words of Secretary Cardona: "In strengthening our efforts to hold servicers accountable for errors that harm borrowers, the Department will begin to withhold some funds under our monthly contracts to encourage stronger and more reliable service to borrowers."

**E.      The Department of Education's Role in the MOHELA's Delays**

126.    The U.S. Department of Education is "the agency of the federal government that establishes policy for, administers and coordinates most federal assistance to education" including assisting "the president in executing his education policies for the nation and in implementing laws enacted by Congress."[30]

127.    As discussed above, the CCRAA was signed into law by President George W. Bush in 2007. Specifically, Section 401, titled "Loan Forgiveness for Public Service Employees" directs that the "Secretary shall cancel the balance of interest and principal due" of any individual that satisfies the PSLF requirements.

---

[30] https://www2.ed.gov/about/overview/focus/what.html (last visited January 26, 2024).

128. The "Secretary" means the Secretary of Education, which is Secretary Cardona at the time of the filing of this Complaint.

129. Accordingly, the Secretary and Department owed Plaintiffs and the putative class a duty to ensure that the loan servicers they contracted with operated in compliance with the PSLF program, including timely processing and rendering decisions on PSLF applications submitted to MOHELA and/or the Department.

130. Upon information and belief, MOHELA's customer service representatives have partially pointed the finger at Secretary and the Department for MOHELA's delays in processing and rendering decisions of PSLF applications.

131. Upon information and belief, MOHELA's customer service representatives have stated that they are unable to process and render decisions on PSLF applications until the Department provides MOHELA with additional information on the borrowers' applications.

132. Plaintiffs and the Class entered into contracts with the Department of Education, referred to as Master Promissory Notes ("MPNs") related to their Direct Subsidized Loans and Direct Unsubsidized Loans under the William D. Ford Federal Direct Loan program.

133. The MPNs state that their terms are "determined in accordance with the Higher Education Act of 1965, as amended (the HEA), our regulations, and other federal laws and regulations."

134. In addition, the MPNs include a "Borrower's Rights and Responsibilities Statement" which states that the "terms and conditions of loans made under this MPN are determined by the Higher Education Act of 1965, as amended (the HEA), and other federal laws and regulations."

135.   As explained more fully below, the Department breached its contracts with Plaintiffs and the Class by failing to ensure the MOHELA complied with the terms of the PSLF program, and by also failing to ensure it provided MOHELA with any requested information to timely process and render decisions on their PSLF applications, and by not forgiving Plaintiffs' and the Class's student loans.

### F.   Borrower Complaints

136.   All PSLF borrowers were transferred from FedLoan Servicing (the prior servicer for PSLF) to MOHELA effective December 14, 2022.[31]

137.   From December 15, 2022 through January 25, 2023, 4,218 individuals filed complaints against MOHELA with the Consumer Finance Protection Bureau ("CFPB").[32] Of those, 1,243 complained of receiving bad information about their loan, 1,124 complained of trouble with how payments were being handled, 560 complained about a problem with customer service, 227 complained of needing information about their loan balance or loan terms, and 113 complained that they did not agree with the fees charged.

138.   There are approximately 668 complaints that relate to PSLF-specific issues. Below is a small sample of the complaints submitted to the CFPB.

**Complaint ID**: 7953586
**Consumer complaint narrative**:
My loans were transferred to MOHELA in XXXX, and since then there have been myriad concerns with how they have handled the PSLF process. On XX/XX/XXXX, I submitted an XXXX for an employer from late XXXX through early XXXX. That is still being processed ( it was labeled a duplicate though I had resubmitted this because there was an error on the original form ) and those

---

[31] https://fsapartners.ed.gov/knowledge-center/library/electronic-announcements/2022-06-03/public-service-loan-forgiveness-program-transitioning-fedloan-servicing-mohela-updated-dec-14-2022 (last visited January 26, 2024).

[32] https://www.consumerfinance.gov/data-research/consumer-complaints/search/?chartType=line&company=MOHELA&dateInterval=Year&date_received_max=2024-01-25&date_received_min=2022-12-15&lens=Product&searchField=all&subLens=issue&tab=Trends (last visited January 26, 2024).

have yet to be certified. On or about XX/XX/XXXX, I had a phone conversation with a MOHELA agent about those same payments, and was told that they would qualify and that she was going to adjust things on the backend to make sure that they counted. That has yet to happen, and those payments would have put me significantly over the 120 required payments. In any event, I had submitted an ECF from my current employer on XX/XX/XXXX of this year, and those payments would have allowed me to reach 120 payments even without the aforementioned payments that have yet to be counted. I also indicated that I wanted a forbearance while these were processed. Despite this, my account was debited in early XXXX, and despite additional written requests ( and a phone request on XX/XX/XXXX ), my account was once again debited this month.

**Complaint ID**: 7950040
**Consumer complaint narrative**:
This complaint is regarding MOHELA and PSLF. Current loans total {$60000.00} and my account is in the SAVE repayment program with a monthly payment of and an interest rate of 6.625 %. Loans were disbursed on XX/XX/XXXX. On XX/XX/XXXX I submitted a PSLF E-Sign application, which is still being processed. MOHELA states on its website that the form should take 30 days to process. My current payment count is stuck at XXXX, although I have surpassed XXXX eligible payments. For some reason, the staff is unable to verify my current employment, even though the form was signed and uploaded on XX/XX/XXXX. Calls to MOHELA include a wait time of over an hour, and representatives often give conflicting answers and guidance.

**Complaint ID**: 7948925
**Consumer complaint narrative**:
I have been attempting to get the remaining loan forgiven through the Public Service Loan Forgiveness program, unsuccessfully. It seems that Mohela has not updated their payment counts and as a result, I haven't had the loan forgiveness that I am due. The issue is that there is a large block of payments that have been made, and were qualifying, but haven't been applied to my account. What's somewhat odd about this, is that there have been payments prior to this block of time that have been applied, and a block of payments after this time period that were applied, but for some reason there is about a seven year block ( some of that time I was in school ) that counts weren't being counted. I pulled all of my student loan payment records through the FOIA and have included screenshots of the qualifying payments that I've made, as well as a screen shot of Mohela 's payment count. I have also reached out to my Senator and asked them to inquire on my behalf. Information was sent to them on XXXX XXXX, and I have not heard anything back yet. Multiple attempts to inquire with Mohela have gone unanswered in that they can not seem to understand why those counts haven't been applied yet. They refer me to FSA - Federal Student Aid indicating that FSA is responsible for informing Mohela what payments should be applied. When I call FSA, they refer me back to Mohela indicating that Mohela is responsible for the payment counts. No one seems to be able to find any answers here, and as such, I hopeful that CFPB can. Screenshot 12 - That is a picture of my payment counts in Mohela - You can see the gap in counts, as it goes from XXXX to XXXX. Screenshots 13 - 17 should prove that the payments were made, and were qualifying. Further, these payments would push my count over the 120 payment count for my last loan and it would be forgiven. My student loan should be forgiven due to PSLF.

**Complaint ID**: 7947711
**Consumer complaint narrative**:

I SUBMITTED A RECERTIFICATION ON XX/XX/23 TO UPDATE MY ACCOUNT TO REFLECT THE RIGHT PSLF PAYMENT COUNT. I CALLED AND CALLED AND NEVER GET TO ANYONE. THEN I GET A MESSAGE FROM MOHELA VIA THE WEBSITE. THEY XXXX SAY " OH WE SEE YOU CALLED IN AND SPOKE TO SOMEONE, SO WE ASSUME YOUR PROBLEM IS RESOLVED. " ITS NOT RESOLVED AND THIS IS HOW THEY TREAT STUDENT LOAN BORROWERS. THIS LOAN COMPANY IS TERRIBLE AND INCOMPETENT. THEY EVEN HAVE WRONG NUMBERS AND EXTENSION ON PRINTED MATERIAL! THEY ALSO HAVE NO CLUE ABOUT MY IDR 1 TIME ACCOUNT ADJUSTMENT! THEY HAVE NO CLUE ABOUT ANYTHING AND I AM GETTING TIRED OF DEALING WITH THEM!

**Complaint ID**: 7947423
**Consumer complaint narrative**:
This is not a duplicate complaint. My previous comment complaint was closed but the company did not address my concern. This is a repeated issue with them where they seem to misunderstand the question and provide a response that isn't what I am asking about or needing them to fix.. they have done this repeatedly to me via their online portal and now here and at this point it seems like a tactic to not kick the can down the road and not resolve the issue. My issue is that the actual discharge of my student loans under PSLF is extremely late. My XXXX payment period was XXXX XXXX XXXX my last ECF was sent in XXXX XXXX, my counts update on Mohela 's site in XXXX XXXX, and my loans STILL have not been discharged. Mohela 's said they have sent the stuff at least twice to Federal Student Aid. Can Mohela please address whatever the hold up is and discharge my loans and provide a timeline for that? This is impacting my financially in a variety of ways. To be very clear my question is NOT how many payments I have certified, whether I qualify for forgiveness, or whether they have sent that info on.

**Complaint ID**: 7947184
**Consumer complaint narrative**:
I qualify for PSLF. I have submitted the needed documentation over the years. Well I have finally met the XXXX payments. The PSLF tracker though is stuck on XXXX payments. I have resubmitted my employment verification twice but MOHELA has not updated my account. I am now over XXXX payments and still having to make them because of their error. When I try to go to the federal loan site, it says that I have not yet made all XXXX payments, therefore I can not apply for the forgiveness. I would like the tracker updated, the loans forgiven, and a refund of both payments over XXXX and amounts paid during the pandemic pause. Thank you

**Complaint ID**: 7920187
**Consumer complaint narrative**:
My loans were fully forgiven under XXXX in XXXX of 2023. I have all of the documentation and forgiveness letter to confirm this. A few months after being forgiven, I received two checks in the mail, in identical amounts. I found this odd, so I called Mohela, my servicer, and they said they accidentally sent out duplicate refund checks to thousands of PSLF recipients. They told me to keep one check and to return the other, so I did. Then, I noticed a few weeks later my Mohela account, which had been listed as " Forgiven under PSLF " with NO balance since XXXX, suddenly showed my full loan balance and showed I owed money again. I was absolutely shocked an in hysterics that my loans were somehow reinstated without my permission or even any notice

being given to me. This is HIGHLY ILLEGAL. So, I reached out to Mohela for the past several months in an attempt to resolve this issue. I have filed complaints, I have had supervisors " looking into it " and several different case numbers open. Nothing has been resolved. And, my account went from being XXXXXXXX XXXXt to showing them owing me money to now showing I am in repayment. On XX/XX/2023 I received an email from Mohela saying " congratulations your loans are being forgiven under PSLF " and that I would be getting a refund in the mail, again, which makes no sense because they were forgiven in XXXX of 2023. Then today I get an email saying I have a payment due in XXXX and my account shows I am in repayment with my original loan balance pre-covid, and no PSLF listed anywhere. I am completely at my wits end and I want my loan closed out completely. I have all documentation to prove this and am so upset I am considering legal aid. Please help resolve this once and for all. I have submitted 18 emails to Mohela and have had hours upon hours of phone calls with no help, no resolve, and I'm afraid my credit will report that this loan that I don't owe is back. I can supply every email I have ever sent Mohela if needed, however they are all readily available on their website as well. Please resolve this as soon as possible.

**Complaint ID**: 7916362
**Consumer complaint narrative**:
On XX/XX/XXXX, MOHELA processed and updated my employment verification on my loans ( sequences XXXX and XXXX ). This information put me over the required 120 payments as a part of the PSLF program. However, as of XX/XX/XXXX, the amount owed information on my account summary page does not reflect the forgiveness of these loans and still shows I owe an overall balance of {$100000.00}. My account summary is also showing that I have accrued {$6600.00} of interest as of XX/XX/XXXX. These amounts are incorrectly reported, with loan sequences XXXX and XXXX being forgiving ( 121 of 120 payments applied to my account ), I should have a remaining balance of {$31.00}, XXXX. The amount of accrued interest is based on the incorrect amount of {$100000.00}. I have called MOHELA to have these numbers adjusted correctly for my account on XXXX XXXX and XXXX XXXX. These incorrectly reported numbers are also inaccurately appearing on my credit report, affecting my debt-to-income ratio, thus effecting my overall credit score.

**Complaint ID**: 7494458
**Consumer complaint narrative**:
In XXXX of XXXX I submitted my final Employer Certification Form to fulfill my 120 payments for PSLF forgiveness, initially Mohela did not count these payments because they falsely evaluated my ECF to be a " duplicate form " rather than a new form from the same previous employer. Finally in XX/XX/XXXX that issue was corrected and on XX/XX/XXXX my payment count for PSLF was updated to 121 on both Mohela 's site and Federal Student Aid site. I also requested on my ECF that my loan go into forbearance while awaiting discharge and that has not been reflected on my account, despite being told by a customer service rep over the phone this had been completed. Now I am recieving messages from Mohela about my account going into repayment this month. Finally, I was told it could take up to 90 days for discharge to take place and it has been well over 90 days and Mohela continues to tell me it is awaiting information from Federal Student Aid despite their counts having also been updated over 90 days ago to reflect over 120 PSLF qualifying payments. I am supposed to be leaving my employer in XXXX and will not be able to afford the

current IDR payment that I shouldn't have because I have completed all requirements for PSLF. This is causing a financial hardship for my family.

**Complaint ID**: 7551617
**Consumer complaint narrative**:
According to my PSLF and TEPSLF information that Mohela has, I was a Deputy District Attorney in XXXX XXXX, California from XX/XX/XXXX to XX/XX/XXXX. All monthly payments were made. Mohela is only counting back to XX/XX/XXXX and refuses to apply the previous decade of service. I have called them approximately 10 times over the past year. Ive been told its a system error, that they are still counting, and that I dont qualify with ZERO explanation. I have tried to write in a complaint to them but the webpage then directs you to call them. I have received form emails that explain nothing. I have recovered form emails saying that my problem is unique and I should call them. All emails to them result in form emails back. No one is helping. They list payments as qualifying only back to XX/XX/XXXX and do not apply the first decade of my service. There are no listed ineligible payments and they claim ALL eligible payments have been applied. They have my forms where the County signed off that I was, in fact, in public service for roughly 17 years. I have tried everything and they will not help. I appreciate you reading this and doing what you can. This should be a no-brainer as I am WAY over the 10 year requirement.

**Complaint ID**: 7604556
**Consumer complaint narrative**:
I have tried for nearly a year to get this sorted out. I filed a consolidation on XX/XX/XXXX and have been waiting for them to review my PSFL. I have sent multiple requests via email, message, and have been trying to get a hold of someone many times over the phone. I have requested Administration Forbearance 4 times now as my loans should have been discharged due to PSLF in XXXX of XXXX when I reached 120 of qualifying payments due to working for low wages in the municipal public sector. My requests have been ignored and I can't get a hold of anyone. My payment counts now show XXXX, I have no information on when my payments are due, if they are even due, even though my loan was supposed to be discharged and paid off in XXXX. Now i'm accruing interest on a loan that should have been forgiven. I am aware this process takes time, and the last rep I was able to communicated with told me I would see the IDR waiver payment count adjustment in early XXXX, and she said she would put me on Administrative Forbearance to take my until they are able to process my application, however, this never happened and I have reached out numerous times to get this resolved or at least pointed in the right direction. Now, I can't get anyone on the phone even after being on hold for 2 hours and 35 minutes. My emails and messages are responded to by saying to call in. I call every single day, with no response.

**Complaint ID**: 7609874
**Consumer complaint narrative**:
To whom it may concern : I have served in the United States ' federal government for over eleven years, submitted my PSLF form for complete loan forgiveness about a month ago, & simultaneously requested that my loans be placed in forbearance while forgiveness was considered. I also emailed the provider ( MOHELA ) to ask if this request for forbearance would be granted approximately a week ago ; however, instead of answering me, MOHELA has seen fit

to issue me a bill which is due very shortly. All documentation to support my claims is enclosed & I am happy to provide more as needed. Please advise, thank you!

**Complaint ID**: 7460853
**Consumer complaint narrative**:
It has now been nearly 8 months since I submitted my PSLF application. Mohela confirms I have made more than the required 120 payments however they have failed to discharge my student loans. This is absurd and unacceptable. Payments will soon be resuming and I would appreciate it if Mohela could finally take some action on my account.

**Complaint ID**: 7629135
**Consumer complaint narrative**:
I am using MOHELA as my student loans servicer and have enrolled in the PSLF program. I made all required payments on time and in full for over 10 years qualifying me for loan forgiveness. After submitting the necessary paperwork to have my loans forgiven it took 6 months to hear back, even though I was told 90 days max. After numerous calls to customer service that kept me on hold for hours I was told everything looked acceptable, but they were waiting on the Federal Government to approve it. Today I received notice that I was denied because I needed to make 120 payments, but also that I had already made 130 qualifying payments. Of those 130, 124 were eligible. No further explanation as to why I was denied and can not seem to reach a helpful or knowledgeable representative. It appears I am one of the many many people mislead and mistreated by this servicer and/or program. I work as a qualified employer of the public sector on the XXXX of XXXX, NY XXXX XXXX and have dutifully held up my end of the agreement. It has been over 10 years and I still have to make payments on my loans that should be forgiven. None of these extra payments are reimbursed if I should ever get this program to effectively forgive my loans as promised.

**Complaint ID**: 7607142
**Consumer complaint narrative**:
Mohela customer service continues to be absolutely awful. Honestly, it amazing they are allow to manage anything when they can't manage a paper bag. Anyways, their automatic phone system says we should be getting PSLF credit for the month of XXXX. Normally, in the months of payment pause I would already receive credit for the minth but no credit is showing. I contacted them over XXXX business days ( which the response time mentioned on their messaging system ). I want to know if I will get credit for XXXX or if I should consider a payment to get credit. At this rate, it will be XXXX before they respond and I will miss a month to get one credit towards PSLF. I can't imagine how they sat on their hands for months doing nothing knowing that repayment should start at somepoint.

**Complaint ID**: 7610842
**Consumer complaint narrative**:
I was on income-driven ( IDR ) repayment for about 10 years through XXXX. When it switched to Mohela, I was taken off IDR, without my consent/ knowledge. Initially, they told me it was due to " Covid lapse- when no recertification was done everyone came off and now has to recertify ". They had me " self-certify " via phone, twice, both times it was denied and I was told " we need

more information from you " ( contrary to " self-certification " branding/ messaging ). I spoke no less than six times via phone and sent more secure messages than that- finally I was told, " send in 5 years worth of tax forms, " after they insisted I hadn't been on IDR for 5 years which is 100 % absolutely not true- I have been on IDR for XXXX yrs. During Covid-19, XXXX, they ( Fedloans ) did not allow us to re-certify since all loans were in forbearance. I sent the tax forms in- they were marked as " duplicate ". I later called and was told this was a mistake- that it would all be fixed. 4 months later, I am still not on IDR. I have no explanation for why I am not on IDR. I have submitted 5 yrs of tax returns. If I was never on IDR, as they claim, they should have just processed me on it. If I had a 5 year lapse, as they claim, 5 yrs of tax returns and months later I shld be on it. But I have had them check the Natnl Student Loan Database and they are able to confirm that I have been on IDR for XXXX years, with no appreciable laps. I've also got XXXX years of confirmed PSLF ( loan forgiveness counts ) which is literally not possible unless I had been on an IDR plan. Still, I have to await " re-certification " after multiple denials. I have been reassured that they are backlogged and it will get done. But I am skeptical and have uneasiness that what has been happening for almost 6 months will happen again. I think Mohela got in over their head- promised more than they could deliver- were not willing to spend money on staff, training, etc. The phone wait times are literally over an hour just to speak with someone, every day of the week. Secure messages are only answered by auto-reply " we presume the matter is settled. " This is impacting all of us, including me, in a very negative way. I've spoken with some very helpful, lovely, representatives there, but the problems persist

**Complaint ID**: 7610330
**Consumer complaint narrative**:
I submitted the employment certification form ( ECF ) for the period of XX/XX/XXXX - XX/XX/XXXX on XX/XX/XXXX and my form was processed 6 weeks later. I included my W2 for XXXX, and XXXX and also my last paystub as well. However the PSLF payment count was not accurate ( only increased by 1 ) and did not reflect the number of payments for past 2 years that I submitted the form for. I called Mohela multiple times and waited 2 hours for each phone call. I finally was able to get through to speak to a representative who told me it was a mistake and she requested a manually recount. I asked how long it would take for the payment counts to be updated. She responded saying she has no idea how long it would take?? It seems to be a simple fix and I find it unacceptable with their answer.

**Complaint ID**: 7609999
**Consumer complaint narrative**:
I and my wife have Direct federal loans for graduate school with MOHELA. Earlier this month I logged in to confirm auto payment was setup and the amount was correct, and it was the same as it was when we last paid in 2020. On XX/XX/XXXX I received an email they had " updated " our XXXX plans. The letters in their system both show XX/XX/XXXX but if you open it, it is dated XX/XX/XXXX. They had us both set at the exact same rate which was double what it was before. Her repayment starts on XX/XX/XXXX and mine on XX/XX/XXXX. Upon looking into this, what happened to me ( and essentially EVERYONE in this situation, if you look on their XXXX or for example this XXXX XXXX : XXXX : XXXX ) is they processed every conversion from REPAYE to SAVE as if they were a single borrower with a family size of 1, yet used the married AGI for income. You can easily show this by entering the information in the studentloan.gov sites calculator as if you had that AGI but were single and getting the number they came up with. On

Monday XX/XX/XXXX I spent XXXX hours and XXXX minutes on hold, only to have the guy tell me I was in the wrong department and he had to transfer me. He refused to answer more questions about which department, what option I did wrong, etc. I sat on hold another XXXX minutes before having to leave. On Tuesday XX/XX/XXXX, this morning at XXXX XXXX, I was able to get in pretty quickly, have the staff agree it was a mistake, recalculate it themselves and come up with an amount closer ( XXXX still XXXX $ higher each, when this plan is supposed to be cheaper, despite the AGI for our family essentially being the same ). Because this is so soon before our payments are due, they also were putting us into a forbearance to avoid next week/week after payments at the much higher rate. We are both on Public Service Loan Forgiveness plans, and per their site here : https : //studentaid.gov/manage-loans/forgiveness-cancellation/public-service # qualifying-payments administrative forbearance for collecting supporting documentation should count as qualifying payments, however MOHELA was saying they wouldn't. But for the actions of MOHELA in both A : not properly calculating the amounts and B : not attempting to do this until 11 days ( XXXX business days ) prior to the due date, I would have made a payment and gotten PSLF credit. I don't feel we should be penalized/negated due to their mistakes. Furthermore, after all of that hold time, there is acknowledgement on my account that an IDR recalculation was submitted, but not on my wife 's. Neither have anything about forbearance and both still show we are paying the ~double price next month. I'm hoping with time this corrects but I really don't want to have to call back. MOHELA is clearly not ready for payments to restart, as demonstrated by the dozens of people replying to my comments on reddit in the exact same situation, not to mention the hundreds of other posts I saw on their and XXXX saying the same.

**Complaint ID**: 7608171
**Consumer complaint narrative**:
I certified my employment very regularly over the years and particularly during the period covered by the waiver. I had already certified 119 PSLF payments through XXXX XXXX and then, to get the maximum waiver benefits, I applied to consolidate my loans. Since I kept getting conflicting information from Mohela, XXXX, and XXXX, I was planning to wait to submit the final ECF once the consolidation was complete ( Id been initially advised to do it that way ). However, XXXX and Mohela dropped the ball with my consolidation, and it got lost or stuck for about 3 months with neither entity working on it. This was despite me repeatedly contacting them about it -- I would just be told to keep waiting and no one seemed to really look into it very seriously. Finally, a rep took a closer look and discovered it was not being worked on. He and multiple other reps have told me that I was the only person this had happened to, as far as they knew. He finally moved my consolidation along, and I submitted my final Employment Confirmation Form for my 120th payment period ( and then some ) in XXXX XXXX It took a few months to update my counts in Mohelas online portal. It finally updated in XXXX XXXX XXXX XXXX ( I stopped submitting ECFs once after that last one ). And then nothing. On StudentAid.gov, my data hasnt been updated since XXXX. Mohelas site has my 122 payments certified and has a forbearance letter in my inbox. While not the last contact Ive had with Mohela, my conversation with them on XXXX XXXX XXXX was particularly frustrating. The frontline rep was giving me misinformation and didnt know how to help me, so I asked for a supervisor but was told the rep didnt have approval to pass me to a supervisor. Only after I pushed back against her non-answers for about an hour did she finally get me to a supervisor. The supervisor let me know the case had been escalated. They say my case is just waiting to be worked and I just need to wait, but there is no timeline at all ( this is the most current info theyve given me ). I asked a rep if I could potentially

be waiting another year, and they said yes. They say that as legislation for defrauded students, veterans, etc. goes through that my case probably gets pushed back in the line, but they dont really know.

**Complaint ID**: 7605964
**Consumer complaint narrative**:
Mohela sent me a message saying Ive been placed on forbearance based on my request. I made no such request. I waited THREE hours on hold to get in touch with someone, who was a new trainee who couldn't help me, so I waited for someone to get on the line. They told me my loans were placed in forbearance because of my Borrwers Defense ( BD ) application and that was the information provided by XXXX. My BD application preexisted my transfer to Mohela, I selected no on my BD application to being place in forbearance, I was NEVER on forbearance on XXXX and nor this entire time with Mohlea. They tell me I have to go the BD hotline and they can't remove the forbearance, despite the letter telling me I could call this number and opt out. It takes three more calls before I get someone who knows what they are doing and was asked if I wanted to opt out of forbearance. As of this date, I was placed BACK on forbearance again and it's been a nightmare trying to get off something I didn't even request. They keep telling me they are working on it, it'll be done soon, someone didn't put it in the system, etc. This seems deliberate in order to mess people up on payments or mess with their student loan forgiveness counts. Which have taken more than two months to process. Payments are starting in less than 5 days and I don't know when to pay, how to pay, or even if they will count for me. If this screws up my Public Loan Forgiveness, I will contact attorney This is causing me mental anguish.. Mohela is causing me unnecessary stress by giving false information and completely screwing up PSLF. I want to be taken off forebearance before payments restart. I want Mohela to do its job correctly. This is disgusting and scammy behavior by Mohela and Im sure this is happening to other people and causing needless stress and panic..

**Complaint ID**: 7603273
**Consumer complaint narrative**:
I am a loan borrower on track to have my loans forgiven under PSLF. As encouraged by the federal government, I submitted a request to have my Income-Based Repayment plan moved to the REPAYE ( prior to SAVE ) payment plan on XX/XX/2023, but heard back from Mohela via email on XX/XX/2023, that moving to REPAYE plan would increase my monthly payments, so they took no action. I resubmitted a request to have my payment plan moved to SAVE on XX/XX/2023, but have now received a notice from Mohela on XX/XX/2023, that my account has been placed on administrative forbearance until XX/XX/2023, while they process the request. This will add two additional months ( with interest accruing ) until I am eligible to receive PSLF, because while I currently have 105 eligible payments, the forbearance will now eliminate three would-be eligible payments I would have made in XX/XX/2023, XX/XX/2023, and XX/XX/2023, that would have counted towards PSLF, thereby achieving 120 payments sooner. I have followed all instructions and abided by all deadlines, and do not feel I should be penalized because Mohela is not able to process the traffic of payments and requests at this time. Attempting to call Mohela several times, I have been on hold for countless hours with no reply. There is absolutely no accountability for what, as far as we know, could be an intentional delay to increase my interest and overall payout that Mohela will receive when I finally qualify for PSLF.

**Complaint ID**: 7591959
**Consumer complaint narrative**:
I sent a message to MOHELA requesting correction of the number of qualifying loan payments for PSLF on XX/XX/2023. MOHELA ask me to submit a new PSLF application with my employer which I have done so promptly. On XX/XX/2023, I requested follow-up on the processing of my application, as my qualifying payments are still not showing correctly. They said to allow 5 business days to process. On XX/XX/2023, the changes are still not corrected, and I followed-up again, they said to allow another 5 business days to process. On XX/XX/2023, the changes are still not corrected 111 days later ( giving them +106 days to correct my payments ), and they have not done so and did not reply back. On XX/XX/2023, I notified MOHELA that I am filing a complaint with CFPB.

**Complaint ID**: 7581855
**Consumer complaint narrative**:
I have 3 Issues with my loan service provider Mohela. 1 ) There is a glitch in the system that is causing my loan payment amounts to be calculated incorrectly when I am applying for the SAVE program : I have been in an IBR plan for almost a decade or more. I had recently learned of the SAVE program. When I used the online calculator to see which plan would lower my payments the most, it stated that the SAVE plan would bring my payments down to about {$75.00} a month. Multiple Mohela representatives on numerous occasions also ran the calculation and confirmed that it would be about {$75.00} a month. When I first submitted my application for the SAVE program with an agent 's help it was accepted but the monthly payment came back to be {$770.00} a month. This is not the {$75.00} a month I was told it would be through multiple people and calculators. This was on XX/XX/23. When I called to discuss the issue they stated that a glitch in the system seemed to be combining both my and my wife 's income. It is only supposed to use my income in the calculation. I am married but file taxes separately from my wife. The agent decided to resubmit the application to be processed again. On XX/XX/23 I was again approved, but again the payment was calculated incorrectly at {$770.00} a month. The same glitch, the same error. I spoke to another agent and they resubmitted the form again making special notes to draw the processor 's eye to the error in calculations. They said that Mohela is aware of the specific issue, it was affecting more than just me, and they are working on it. That third application was submitted on XX/XX/23. I recently received an email stating that my application has been delayed. I called on XX/XX/23 to inquire as my loan was due to go into repayment on XX/XX/XXXX. They said they were aware of the issue in calculations and placed my loan in a " processing forbearance " until XX/XX/23 so they have time to fix the issue and so I wouldn't have to make that huge {$770.00} payment on XX/XX/XXXX. My concern is that this issue will not get resolved. I should be able to have my loan processed correctly, separating my and my wife 's income to receive the {$75.00} a month payment. The glitch in the system is troubling. 2 ) My second issue is how this problem affects my PSLF standing. I have been faithfully fulfilling my obligation towards my PSLF forgiveness through working in a nonprofit for almost 10 years now. I am so close to the 10-year mark. It is nice that Mohlea is putting me into a " processing forbearance " while they figure out the issues with my application processing but I was told that during this forbearance I will not get credit towards my PSLF payments as has been the case throughout all of the COVID pandemic and when I actually was making payments prior to the pandemic faithfully and on time. I don't feel that I should be penalized, and not be able to get PSLF credits because I am being put into a "

processing forbearance " due to a glitch in the system. 3 ) Long hold times to speak to representatives at Mohela.

**Complaint ID**: 7566579
**Consumer complaint narrative**:
On XX/XX/XXXX I submitted form 1845-0110 Public Service Loan Forgiveness ( PSLF ) & Temporary Expanded PSLF ( TEPSLF ) Certification and Application ( file attached ) to MOHELA, my current student loan servicer. I expected to hear back from them in XXXX days. On their website my application shows a status of " Processed " and that they received my application on XX/XX/XXXX. On XX/XX/XXXX I called their PSLF customer service line, and after XXXX minutes on hold, I was told that my application was denied because of " missing borrower signature ". As you will see, my signature is clearly present in the submitted application. Further frustrating, is if they were denying my application for a mistake on the submitted form, why wouldn't they contact me to let me know that my application was denied? After further conversation with the trainee assigned to assist me, he tells me that I need to submit an identical copy of the cover sheet with section XXXX and section XXXX to go along with each section XXXX and section XXXX. I was assured that this would solve my problem. I will be submitting this to MOHELA after I finish submitting this complaint.

**Complaint ID**: 7563887
**Consumer complaint narrative**:
I have met the requirements of XXXX payments to qualify for loan forgiveness through the XXXX program. I submitted my for to Mohela on XX/XX/. I was informed it can take up to 30 days to process. It has now been more than 30 business days and the form is still processing. This process has delayed my forgiveness as payments start to resume. Mohela 's response via message : XXXX XXXX XXXX XXXX XXXX ( click to open ) : Received Date : XXXX XXXX XXXX Body : Your Question : Hello- I have reached XXXX payments to qualify for XXXX. My form was submitted with esign on XXXX which is still processing days later! Why has this not been updated to reflect XXXX payments so that i can be submitted to XXXX for final approval? Should I submit a manual signed form? These were processed much quicker? MOHELA 's Response : Thank you for contacting MOHELA, We received your Public Service Loan Forgiveness ( PSLF ) applications on XX/XX/2023 and XX/XX/2023. Please allow 30 business days for processing. You will be sent notification after the processing is complete. If you have any additional questions, please contact us toll free at XXXX. Our hours are Monday XXXX XXXX XXXX XXXX XXXX., Tuesday and Wednesday XXXX XXXX XXXX XXXX XXXX, Thursday and Friday XXXX XXXX XXXX XXXX XXXX XXXX XXXX Thank you, MOHELA Phone XXXX Fax XXXXXXXX XXXX XXXX XXXX XXXXXXXX XXXX XXXX T-W, and XXXX TR-F. XXXX. XXXX XXXX XXXX, XXXX, MO XXXX. This message, from a debt collector, is an attempt to collect a debt and any information obtained will be used for that purpose. California residents : The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before XXXX XXXX. or after XXXX XXXX They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your

location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at XXXX or www.ftc.gov. If you do not want to receive future information of this nature, please unsubscribe or contact customer service at XXXX.

**Complaint ID**: 7562644
**Consumer complaint narrative**:
I have been working towards PSLF and as of XX/XX/2022, had XXXX qualifying payments and got the " trophies " saying I would be forgiven. I talked with a Customer service rep ( at that time, loans were managed through XXXX XXXX XXXX ) who said I would be forgiven in 30-60 days. Instead, my loans were transferred to Mohela in XX/XX/2022 and I have been told monthly by their CSR that I would be forgiven in 30-90 days, but it has never happpened. It has now been more than a year since I qualified. I have filed complaints with Mohela directly, with Federal Student Aid, with my state Attorney General, with my State senator XXXX XXXX, with the Ombudsman ( although I got the feeling that that CSR didn't actually do anything. there was some communication barrier, it was odd ). I have now been recommended to make a complaint with CFPB. I'm desperately hoping you can advocate on my behalf. The psychological burden of this debt is significant and it is maddening to know I qualified for forgiveness over a year ago and still am wasting HOURS every month trying to talk with Mohela just to be told the same thing every time -- " Just wait! You're all set ". Thank you.

**Complaint ID**: 7553576
**Consumer complaint narrative**:
Mohela is not accurately accounting for my payment history or PSLF eligibility as it was documented for years under XXXX. As a result, Mohela is demanding payment for loans that should have been forgiven under the PSLF program with the rest of my loans. In XX/XX/XXXX, my loans were transferred from XXXX to Mohela. Under XXXX, 4 of my loans were categorized as Loan sequences XXXX, XXXX, XXXX and XXXX all under the Direct Loan Special Consolidation Subsidized Loan dated XX/XX/XXXX. All four loans had the same qualifying PSLF payment history. But Mohela erased the payment history and eligiblity count for Loans XXXX and XXXX. Consequently, my PSLF application was not applied towards loan sequences XXXX and XXXX while the other loans were forgiven. Mohela refuses to provide any proof or justification why they erased my payment history.

**Complaint ID**: 7538149
**Consumer complaint narrative**:
I am currently part of the Public Service Loan Forgiveness program. As part of that program, I have to submit proof I worked for an eligible non-profit employer during the dates of my loan repayment. Once I have made 120 payments, my loans are forgiven. I have worked with Mohela for XXXX years to update my eligible payments and employment. I currently have employment from XX/XX/XXXX through XX/XX/XXXX that has been certified and is eligible for the PSLF program. However, those 11 months have failed to be counted- even though Mohela has put, in writing, in XX/XX/XXXX that they know those months should count but that they do not know when the count will be added to my total. I initially consolidated my loans with Mohela in fall XXXX. I waited another year to have my eligible counts updated after submitted proof of all my eligible employment. I called XX/XX/XXXX to have this issue addressed. At that time Mohela installed a XXXX review on my account ( # XXXX ) to fix the missed payment counts and asked

me to call back in 30 days to check the status. I called back XX/XX/XXXX and Mohela indicated my XXXX review was on hold until XXXX reviewed the dates and added my request to their batch approval. I called back XX/XX/XXXX. At that time, Mohela installed an additional XXXX review ( # XXXX ) of my account. They initiated XXXX would need to conduct an additional review. in XXXX XXXX XXXX Mohela also sent me a message, in writing, that they know my payments for the months of XXXX should count but they were waiting on XXXX to update their system. As of XX/XX/XXXX no forward progress has been made. I have submitted an additional employer certification form to provide proof of eligible employment and have asked that my account be placed in administrative forbearance until these months are added to my total. The missing months will push my account over the XXXX payments required for forgiveness. Payments resume in the next few weeks and I have waited for a resolution to this for over 2 years. I need additional assistance in making sure this is addressed asap.

**Complaint ID**: 7535686
**Consumer complaint narrative**:
I have received communication from Mohela to repay my discharged XXXX students loans effective XX/XX/2023. I don't understand why they are sending me this information if they already have the letter from the US Department of Education confirming the loans for XXXX university were all discharged. I do not want to want until I begin to have additional problems with my loans. I would like them to process the discharge immediately. I also would like a more comprehensive listing of all payments I have paid to All servicers that have managed my XXXX University student loans. Per the discharged agreement, these payments should have been fully refundable to me. I have only receive a partial payment. Lastly, I would like all payments paid on my son 's student loan ( XXXX ) to be evaluated and counted towards my PSLF counts. My PSLF counts need to be updated through XXXX, 2023.

**Complaint ID**: 7533958
**Consumer complaint narrative**:
On XX/XX/XXXX, I uploaded signed PSLF forms for eligible government employer. I was told in XXXX that it had been approved and processed. Still, as of today XX/XX/XXXX, MOEHLA has refused to submit or process the qualifying months and have only processed one of five months on the signed form. Representative told me over the phone that it had been processed and sent to FSA for count to be applied to my account. When I demanded proof of this request and why only one month had been processed, I caught her in a lie. She then said it was still in processing and hadn't been sent to XXXX or applied, which is also a lie because of it hadn't been processed, how would XXXX month have been processed and counted. I also uploaded a form and documentation of another eligible employer ( XXXX ) on XX/XX/XXXXXXXX with accompanying eligibility documentation ( XXXX XXXX ) and MOHELA has done nothing to process the submitted form. Representative : XXXX ( XXXX XXXX ) claims they only verified XX/XX/XXXXXXXX but have to verify all other days of employment, even though the entire employment period is on one form and signed after employment period ended.

**Complaint ID**: 7528151
**Consumer complaint narrative**:

I am missing 3 years of payments to count towards my PSLF request. If I had those 3 years I would fall into forgiveness. I am missing all of XXXX, XXXX, XXXX and some of XXXX. I was employed at a non profit during that time, I was not in school, and I was paying on my loans.

**Complaint ID**: 7521599
**Consumer complaint narrative**:
XXXX and Mohela continue to send me in circles and repeatedly send my complaints back and forth to each other without actually resolving the issue. As of XX/XX/XXXX, I received confirmation that all of my employment had been approved for PSLF from XXXX. I was told to " just be patient and wait " for the payment count to be updated. XX/XX/XXXX, the payment count went up to XXXX, however, was still missing payments from XXXX XXXX. XX/XX/XXXX contacted XXXX and was told the complaint was escalated. I received no communication, so I followed up on XX/XX/XXXX with no resolution. XX/XX/XXXX called XXXX Ombudsman and was told complaint was sent to Mohela. XX/XX/XXXX phone call with Mohela told me that my payment updates would be made in XXXX business days. XX/XX/XXXX Mohela informed me that I was not in repayment until XX/XX/XXXX ( which is untrue ). They advised I contact XXXX. XX/XX/XXXX phone call with XXXX Ombudsman, I was told that they " can see I was in repayment starting in XXXX " and they did not know why Mohela told me otherwise. My complaint with them was still under review. XX/XX/XXXX I submitted documentation from XXXX ( previous loan servicer ) showing proof of payment on loans from XXXX. This was submitted to both Mohela and XXXX. XXXXphone call with Mohela, where they stated they were in the process of updating my payment count. Was redirected back to XXXX. XXXX call with XXXX and told to resubmit another request for reconsideration ( I did so ). XXXXsubmitted another complaint, but XX/XX/XXXX it was closed without any communication. Was advised to open a new complaint -- did so on XX/XX/XXXX. On XX/XX/XXXX received email confirming receipt of complaint, stating that I would receive an update in XXXX calendar days. Reached out on XX/XX/XXXX because I had not received update. I was told that it was still open, but they were unable to provide updates or a timeframe. Sent another request for update on XX/XX/XXXX. XX/XX/XXXX received email from Dept. Consumer & Business Services ( and I had reached out to att gen for help with case ). They informed me that Mohela stated I was not in repayment until XX/XX/XXXX ( despite having documentation otherwise ), and they have referred the case back ( yet again ) to XXXX XXXX XXXX

**Complaint ID**: 7521381
**Consumer complaint narrative**:
I submitted my PSLF employment certification to Mohela on XX/XX/23. On XX/XX/23 I sent a message asking about my form being listed as processing instead of processed. ( In XXXX I sent the same form and it was processed in 2 weeks. ). They responded with " Please allow up to 30 calendar days for processing to be completed. I still have not received a response. On XX/XX/23 I sent another message asking about my pslf form as well as what I was supposed to do as repayment will start soon and I've already met my " quota " of 120 months and being put back into repayment doesn't really make since. It is XX/XX/23 and I have not yet received a response.

**Complaint ID**: 7519842
**Consumer complaint narrative**:

XX/XX/2023 : My PSLF application was marked as received by MOHELA XX/XX/2023 : I received a letter from MOHELA indicating that my application had been processed and my PSLF Qualifying Payments count was now XXXX XX/XX/2023 : I contacted both MOHELA and the Department of Education to ask for an application status update and ask if there was anything I could do to move things forward. Both responded and indicated that the other organization was the one that needs to take action next ( see attachments ) XX/XX/2023 : I filed a complaint with the Department of Education through the FederalStudentAid website ( case # XXXX ) due to the length of time it had been since submitting my application. XX/XX/2023 : I received an interim response to the complaint from Federal Student Aid stating that they were researching my concerns and would " follow up with more information within the next XXXX calendar days. " I haven't received additional communication from them since ( as of XX/XX/2023 ).

**Complaint ID**: 7517173
**Consumer complaint narrative**:
I am in the PSLF process and I have been tossed around between multiple customer service pathways. I have met/exceeded the XXXX payments necessary to qualify for student loan discharge through PSLF. My original lender was XXXX. XXXX became XXXX- and neither company exists. If you call the hotline- it's now a call center for medical alert buttons. My previous lender ( XXXX ) advised I call the number for XXXX that sent me directly to the med alert process. The United States Department of Education says they can only " see " payments made from XX/XX/XXXX on. XXXX previously sent me a list of all payments made before they acquired them - and while I was with them. I am now with Mohela and have provided all this information to them and the XXXX. I guess my complaint is with XXXX and their abysmal record-keeping. I have no way to reach them. XXXX- has this information and has released it to me, but Mohela and XXXX won't accept it as " official " unless it comes directly from XXXX. When I call XXXX - I get long wait times, disconnections, and told to call XXXX ( you know- the company that doesn't exist anymore ). I have clearly made payments from XXXX - XXXX and I just need someone somewhere to give me credit for this. I told XXXX if I didn't make payments for that period of time, they would have known that b/c they would have declared me as defaulting on the loans- which never happened. I always made timely payments. I have worked in public service my entire career. This entire process has been a nightmare. So I am seeking any type of assistance or resolution. I know I am not the only one who is a product of XXXX record-keeping by XXXX XXXX and the United States Department of Education. I have entered into PSLF - and my payment counts are " stuck " at XXXX -- they are only counting the time they can " see " from XX/XX/XXXXXXXX - current. I never defaulted on any loans. I have provided my receipts from XXXX multiple times - and Mohela is being difficult by not accepting anything on letterhead from XXXX they send to me as " official ". I'm beyond upset. This program was supposed to help people like me who gave their lives to public service. I am a daughter of a US Veteran. Please intervene with : XXXX XXXX XXXX Mohela US Department of Education XXXX have been at this entire process since XXXX of XXXX. Thank you

**Complaint ID**: 7508578
**Consumer complaint narrative**:
I have applied for PSLF program and with all of my employers and time certified, in calculating MOHELA has simply left out months so the 120 months are not reflected. I have been contacting them for almost a year and I can't get an explanation or reason why nothing is being done. Also

don't know status bc even the most recent certifications are not increasing the number of months which now far exceeds 120. I just want an answer and someone to fix.

**Complaint ID**: 7506013
**Consumer complaint narrative**:
I have been waiting on complete PSLF forgiveness under the temprary waiver since I consolidated by FFELP loans from XXXX to XXXX in XX/XX/XXXX and submitted PSLF employment certification in XX/XX/XXXX. I have been continuously employed by a qualified federal agency ( HUD ) since XX/XX/XXXX. I have also continuously made monthly loan payments to XXXX from XXXX through XX/XX/XXXX. Mohela is now the servicer. The records for both Student Aid.gov and Mohela show that I've been in repayment status since only XXXX. As a result, my qualifying payment counts were only counted from XX/XX/XXXX through XX/XX/XXXX ( XXXX payments ). I have resubmitted submitted my PSLF certification and XXXX payment history several times to XXXX, StudentAid.gov, and Mohela, but the payment counts have not updated. There are 11 years of missing payments ( XXXX ) that I've made that should count towards complete forgiveness ( 120-plus payments ) under the PSLF waiver. I have requested reconsideration from StudentAid and escalation to an Ombudsman without success.

**Complaint ID**: 7505142
**Consumer complaint narrative**:
Limited XXXX PSLF waiver for qualifiing payments could count paid on them or was on IDR those years and they wont count them as qualifying payments. They will only count my current employment of government from XXXX-current. They refuse to count any previous payment regardless of status it were in as it reads. Can you please help very misleading.

**Complaint ID**: 7494022
**Consumer complaint narrative**:
In XXXX of XXXX I recieved mail from Mohela saying I hit 122 payments which qualified me for PSLF. I was told by Mohela that within 90 business days my loans should be discharged. That 90 day mark ( plus quite a bit ) has come and gone and no movement on my account. Mohela says " keep waiting ". STudentaid.gov says " Keep waiting ". At this point it is a breach of contract. It is now seven months pass from when I hit the required mark for forgiveness and these loans are still XXXXXXXX XXXX XXXX XXXX XXXX like a XXXX, ready to XXXX XXXX. No one will do anything to move them. Please help.

**Complaint ID**: 7492185
**Consumer complaint narrative**:
I submitted my PSLF in XX/XX/XXXX to XXXX. I was told I had 4 months left to pay on my loans until forgiveness. I paid until XX/XX/XXXX and re-submitted my PSLF to XXXX. I gave them a month or XXXX but didn't hear anything about it so I tried calling them a few times. I was told 'another department handled those ' when calling and was transferred but either was hung up on somehow or no one answered at that number. I was then told MOHELA had my account. I did not want any confusion with the XXXX XXXX 's I turned in so I called and talked to a gentleman representative around XX/XX/XXXX and explained why I had XXXX XXXX submitted in XX/XX/XXXX and the other in XX/XX/XXXX. He put a note in so no one would get confused and knew why they were in there. He let me know my forgiveness would take XXXX business

days. I waited XXXX business days and did not see any communication in my online account/portal with them so I had no clue where it was in the process. I called in XX/XX/XXXX and was told my XX/XX/XXXX XXXX had been marked as a duplicate despite the note the lady saw clearly in the system that states otherwise and had not been processed. I was told that even though it was their fault/mistake I had to wait ANOTHER XXXX business days and she put another note in there not to mark it as a duplicate. In XX/XX/XXXX I called about my PSLF again ( also no clear indication in my online account/portal that they were doing anything with my forgiveness or where it was in the process ) and was told by the same lady who took my call in XXXX that it was AGAIN marked as a duplicate and my forgiveness was again not processed. She told me they now had a XXXX business day policy to expedite the forgiveness when it is their fault. She assured me it would be completed in that time. It has been over 2 months and still no word about my forgiveness at all. I was sent a 'sorry we may have messed up your forgiveness here is XXXX for the inconvenience ' letter from XXXX but nothing from them since that. During all this time I had also sent messages through my online account to MOHELA trying to get answers but no answers or forgiveness ( plus they seem to have turned off my ability to send messages or hidden it really well since I last sent them since I no longer can do so ). I have also tried to complain to the department of education about this twice the first time they had told me the last XXXX form reported to them was in XXXX. I wrote back stating that both FedLoans and MOHELA stated they had both my XX/XX/XXXX and XX/XX/XXXX XXXX and I wasn't sure why either had not updated them with this information. I have yet to hear back from them on the 2nd email. Can someone please help me to get my PSLF from these companies that seem to be purposely denying it?

**Complaint ID**: 7484105
**Consumer complaint narrative**:
I do not agree with the payment tracker towards PSLF on the Mohela dashboard for my account. I have been working in XXXX XXXX since XXXX. I have all my qualifying employers verified and confirmed with completed employment verifications on the Mohela dashboard as follows : Employer Employment Begin Date Employment End Date XXXX XXXX XXXX XXXX XXXX XX/XX/XXXX XX/XX/XXXX US DEPT OF EDUCATION FEDERAL STUDENT AID XX/XX/XXXX XX/XX/XXXX XXXX XXXX XXXX XXXX XXXX XX/XX/XXXX XX/XX/XXXX XXXX XXXX XXXX XXXX XX/XX/XXXX XX/XX/XXXX to PRESENT Yet on the payment tracker, it is missing the 46 months from XXXX of XXXX to XXXX of XXXX. Those months are not listed, in either of the ELIGIBLE nor INELIGIBLE lists. Within those 46 months there were only 14 months, XXXX of XXXX to XXXX of XXXX that I was not employed with a qualifying employer. So 32 of those 46 months should be ELIGIBLE. That would bring me to 126 qualifying and eligible periods as of XX/XX/XXXX, towards my PSLF. I will certify employment with my current qualifying employer in XXXX, so that will bring me to 138 towards the 120 required. I have contacted MOHELA several times. I have contacted the Department of Education/Federal Student Aid and the ombudsman and they have not updated these missing months.

**Complaint ID**: 7474469
**Consumer complaint narrative**:
Submitted PSLF application in XX/XX/XXXX and was told I needed to make 84 more payments. Resubmitted application in XX/XX/XXXX and was then told I needed to make 36 payments. I

have worked full-time for a XXXX for almost 15 years XXXX through XXXX and only needed to work for 10 years to receive forgiveness for my loans in the PSLF. I requested help with XXXX and they recommended I submit a reconsideration which was submitted on XX/XX/XXXX. XX/XX/XXXX - Completed reconsideration of PSLF with XXXX XXXX XXXXXXXX. Since this time, I have had no communication regarding the forgiveness of this loan or the receipt of the reconsideration. I have also applied for the SAVE program since waiting for a determination since I am currently unemployed. I contacted XXXX once again for help and they gave me this option to file a complaint about Mohela and Student Aid.gov

**Complaint ID**: 7458693
**Consumer complaint narrative**:
My PSLF was accepted certified and submitted to Mohela on XX/XX/2022. I have spoken to Mohela to ask the Federal Student Aid be provided the credit information. XXXX sent me a form indicating Federal Student Aid is waiting on Mohela to provide the counts to them. I have spoken with Mohela often and requested. Assure this is happening. I am consolidating loans. This is urgent information for XXXX. I can see my credits for PSLF on Mohela site and on my account. Unfortunately my servicer, Mohela has not provided Federal Student Aid with the information.

**Complaint ID**: 7468232
**Consumer complaint narrative**:
On XX/XX/23 I was notified my loans qualified for PSLF with over 120 payments. It is now XX/XX/23 and my account has not been fully forgiven. I have served the public as a XXXX worker during a pandemic risking my health and my families health and to be treated like this is insulting. MOHELA is not honoring the PSLF laws and processing they are advertising.

**Complaint ID**: 7456243
**Consumer complaint narrative**:
I reached XXXX payments in late XXXX. I called MOHELA in XX/XX/XXXX and was told my loans were sent to the Department of Education and I would need to wait 90 days for my loans to be forgiven. In XX/XX/XXXX, I called MOHELA again because my loans hadnt been forgiven. I spoke to a supervisor, XXXX, who claimed she manually added me to the direct to discharge list and I should have my loans forgiven in 90 days - at maximum by XX/XX/XXXX. XX/XX/XXXX came and went and my loans were not forgiven. I called MOHELA again in XXXX and the person I spoke with said there is no manual direct to discharge list and I just had to keep waiting. At this point Ive been waiting almost a year for my loans to be forgiven and can not get a straight answer as to why I still have loans when Ive met all the PSLF requirements.
**Complaint ID**: 7456075
**Consumer complaint narrative**:
I have had over the required 120 qualifying payments for PSLF forgiveness since XXXX of XXXX. Since that time I have submitted 2 additional PSLF forgiveness forms and I am now at 141 qualifying payments as of XX/XX/XXXX. I have called MOHELA representatives multiple times asking my my loans have not been forgiven and they can confirm I have the required qualifying payments but they can not explain why I havent been forgiven or what their process is to confirm when I will be forgiven. I have also submitted a message request asking MOHELA why I havent been forgiven but got an autogenerated reply with no details.

**Complaint ID**: 7446589
**Consumer complaint narrative**:
I applied for the PSLF a year ago. I had my long time public service verified, and have made well over 120 payments- so I absolutely qualify. Mohela and FSA are saying that I didn't make payments from XXXX. I absolutely did ( was with XXXX & XXXX at the time ) and I have proof of the payments ( see attached ). I have spoken with Mohela multiple times and they say it is out of their hands. I have filed complaints with XXXX online and they are saying I don't qualify. I absolutely do.

**Complaint ID**: 7441429
**Consumer complaint narrative**:
This is in followup to a prior complaint ( XXXX, submitted XX/XX/XXXX ). I originally submitted by employment verification and PSLF paperwork to MOHELA on XX/XX/XXXX ( over 1 year ago ). Through what has been explained to me as multiple oversights and failures by MOHELA - MOHELA has still not provided an accurate student loan payment count meeting PSLF criteria. I have made no errors in this process, there is no paperwork pending, there is no outstanding verification needed. This problem ( even as explained to me by the over 20 hours of phone calls I have made to MOHELA in the past 12 months ) is entirely based on MOHELA 's inability to meet the requirements of this federal program. I have already filed the prior CFPB complaint in XX/XX/XXXX- my student loan counts are still not updated. I don't know what else to do. MOHELA is not taking this seriously and is 12 months late on their responsibilities to both myself and the US Federal Gov. Can we escalate this further? Is there an oversight agency that this can be reported to? My demand is simple - process and count my on time payments immediately ( MOHELA has already had 12 months ). Would contacting my attorney general or congressional representative be more effective? MOHELA appears to be in breach of contract with the federal government in providing these services for student loan borrowers. I would like this investigated and followed up prior to the resumption of loan payments- again its already been 12 months.

**Complaint ID**: 7439951
**Consumer complaint narrative**:
I have asked MOHELA several times why certain periods of deferment/forbearance are not counting toward my PSLF forgiveness count. MOHELA is saying I am 8 payments short of forgiveness, but I have submitted employment certification ( which they have approved ) for the following dates that are not being counted. The missing months are XX/XX/XXXX through XX/XX/XXXX, XX/XX/XXXX, and XX/XX/XXXXXXXX through XX/XX/XXXX. That is nearly 30 payment periods when I was certified working in public service they are not counting even though the rules of of the PSLF waiver which I applied for. I can not get an answer from then on why these payments are not counting. I need an answer.

**Complaint ID**: 7434925
**Consumer complaint narrative**:
I am eligible for Public Service Loan Forgiveness. I am a XXXX who has worked at XXXX XXXX XXXX XXXX full time since XXXX. In order to get the PSLF I first consolidated my loans with Mohela, as required. Then, I filled out Mohela 's online application. My application was not accepted. So, I submitted a paper copy, which was accepted. After waiting a long time I

received a letter telling me that XXXX XXXX XXXX government EIN number was in their database as a for-profit business. They asked me to submit a letter from my employer stating the name of the XXXX, that it is a non-profit, how long I have worked there, and giving the EIN number. I submitted the requested letter by uploading it to their website. I followed their exact directions regarding where to upload it. I received a denial letter again. When I called them they told me I had uploaded it to the wrong place. So, I uploaded it again. Today I received an email saying that my EIN number is not eligible, and that they need a letter from my employer ( the same letter I already uploaded twice ) or a W2. I uploaded the W2 and called them. I am now taking to a supervisor who is escalating the application, but I have no faith in the process as they seem unwilling to research the EIN number themselves, and I have no idea how to prove that XXXX XXXX is a non-profit other than by the means I have already employed. My manual application was processed on XX/XX/XXXX. Since then, I called them on XX/XX/XXXX, XX/XX/XXXX, XX/XX/XXXX, and today XX/XX/XXXX. Each time I call they tell what I need to do and then say it will take up to 30 days to process. Now they are escalating my case, but also telling me that it could take up to 30 days to resolve, and in the meantime loan payments resume on XX/XX/XXXX. I should not have to pay them anything as I have been trying to have this taken care of since last XXXX.

**Complaint ID**: 7430144
**Consumer complaint narrative**:
This issue is related to Public Service Loan Forgiveness or PSLF. MOHELA is my current student loan servicer and I submitted my final paperwork to ask my loans to be forgiven as I qualified for Public Service Loan Forgiveness to both Mohela and Studentaid.gov in early XX/XX/XXXX. Prior to this date, my servicer was XXXX and every year I submitted my PSLF tool application on-time and was kept up-to-date with my qualifying payment count. Well, this past week ( XX/XX/XXXX ) I reached back out to MOHELA to request more information on my status and they indicated that even though I have 140 qualifying payments ( at this current time ), they would not be able to 'validate/audit " all of my payments prior to new payments starting back up on XX/XX/XXXX. This is absurd- for two reasons - first, they said that " if I have any 'payments ' for {$0.00} that those payments would not be counted as qualifying payments. " ( that is against the the new law that just got passed. ) Second, most of my {$0.00} payments were when my loans had been placed in forbearance XXXX XXXX XXXX XXXX XXXX XXXX XXXX XXXX XXXX ) as I was incorrectly told that I would need to place them in forbearance in order to make sure I would not have to make payments on my loans during my service; however, had they just been placed in a 'Income-based Repayment Plan, ' due to my income being around XXXX XXXXXXXX I would have made {$0.00} payments due to my financial situation. Therefore, with Mohela indicating that I will have to start making payments again in XXXX and that I will not be eligible for a refund on any new payments that replace {$0.00} payments within my 120 qualifying payments, they are illegally denying me from receiving payment counts on my XXXX XXXX XXXX XXXX- which is illegal and protected by law. I would like for you to support my case in any way possible so that I can receive proper loan forgiveness as I am entitled to receive. Thank you!

**Complaint ID**: 7422985
**Consumer complaint narrative**:

On XX/XX/XXXX, my Student Aid portal was updated. I went to check and stated there is an active loan with MOHELA for {$47000.00}. I went to check MOHELA, as I knew this was not right. This loan was discharged per the PSLF guidelines on XX/XX/XXXX. See letters attached from MOHELA. Sure enough, the loan that was discharged and forgiven is now " open ' on this account. I called and talked to two people. They confirmed this was discharged and can see the letters. After 1:30 hr hold time, I was then met with an advocate who stated that a 'review ' would have to be done to make sure this is the 'right ' loan. Okay, this is the only loan of two that magically was placed back to open status as forbearance. One, I am not in forbearance, that loan was legitimately forgiven/discharged on XX/XX/XXXX. Second, I just started to take classes online with 4 classes to go. Graduation date is XX/XX/XXXX. The only loan I would have open would be for the XXXX school year for the amount of {$12000.00} approximately and that wouldn't show up with MOHELA until in school deferment is completed and graduated in XXXX. Dealing with MOHELA has been a nightmare from the get-go. They can not seem to get their act straight and now they are bringing back phantom/discharged debt to try and collect on it. This is straight FWA and illegal on MOHELA 's part. The worst part is, instead of taking care of the obvious human error right away, they are making their clients follow up with THEM and do the leg work, calling them out and pointing out their missteps and not expediting these cases to make them right. It is a really bad way to do business and I did report FWA to the OIG/USDEd because now they are going to try and charge me interest once the COVID 19 restrictions are lifted AND report this to the credit agencies for a phantom debt. If they do not resolve this with the next two weeks, I will get a lawyer for FWA charges.

**Complaint ID**: 7410837
**Consumer complaint narrative**:
I have contacted Mohela numerous times to ask specific questions regarding my loans. Eight months ago I inquired about how many verifiable PSLF payment counts did I have. I followed all protocols by submitting all requested documents, including certifying that I continue to work for a not for profit company. These qualifying payments are important because they move me closer to loan forgiveness. In over eight months, my qualifying loan information has not been fully updated. I was told that the information would be updated in ninety days. It was not. I was then told I needed to recertify my employment a second time. I did this. I was told that my qualifying payment information would be updated in three days. It was not. I was told that Mohela was awaiting the Department of Education to give the green light to update my information. Today I was told to recertify my employment again before my qualifying loan payment information could be updated. I explained to the representative that the number of qualifying loan payments listed were there when I last recertified my employment the last time. I was also told today that if the loan payment count isn't updated by the time I must resume loan payments, which is in XXXX, that I would receive a refund if owed one. Mohela seems to be waiting for my loan payment date to arrive without updating the number of loan payments I have made that would move me toward loan forgiveness. In more than eight months, I believe my loan payment count should have been updated. Mohela has been giving me conflicting information for over eight months. I would like to know how many qualifying loan payments I have made. I would like to know how close I am to loan forgiveness before my loan repayment period resumes.

**Complaint ID**: 7400546
**Consumer complaint narrative**:

On XX/XX/XXXX, I submitted a Public Service Loan Forgiveness ( PSLF ) application ( Exhibit A ) to be considered for loan forgiveness under the Limited PSLF Waiver Program. On XX/XX/XXXX, MOHELA sent me a letter ( Exhibit C ) via mail stating that my PSLF application was missing information including 1 ) missing physical signature on the PSLF application, which is inaccurate as I physically signed all required forms, and 2 ) employer certified dates in Section 3 were wrong because the employment end date is before the employment begin date which is also inaccurate since I am a current employee at XXXX XXXX XXXX. Please see the original application I submitted for the required correct information. The employer form is accurate and was filled out correctly by XXXX XXXX XXXX XXXX XXXX. In XX/XX/XXXX, I sent a letter to MOHELA via certified mail asking for the status of my student loan forgiveness. MOHELA did not respond to my request. I believe I have met all eligibility requirements for student loan forgiveness under the Limited Public Service Loan Forgiveness Waiver Program.

**Complaint ID**: 7370727
**Consumer complaint narrative**:
I had previously submitted a complaint with CFPB. This week Mohela told me to reach out to them via phone because my request was too complex to deal with via email. I called them and explained I am eligible for PSLF due to the 65904 Federal Register published in XX/XX/XXXX ( references : XXXX XXXX XXXX XXXX XXXX ; XXXX XXXX XXXXXXXX XXXX XXXX XXXX XXXX XXXX XXXX XXXX XXXX XXXX XXXX XXXX XXXX XXXX XXXX XXXX XXXXXXXX XXXX XXXX XXXX XXXX XXXX XXXXXXXX. ). This Register, as of XX/XX/XXXX, makes the 2 administrative forbearances XXXX had forced me to take eligible for qualifying payments, which makes me reach my 120 qualifying payments for forgiveness. This issue is this : Mohela ( XXXX, ID XXXX ) tells me that they have no knowledge of this Federal Register and they are unable to access information on it because their " government computers can only access two websites : Mohela 's website and FSA 's website. " They said there is no one at Mohela who can help me with reference to this Register, which I noted to her is accessible on a government website, govinfo.gov. Mohela ( representative XXXX, ID XXXX ) also told me today that I have to wait until XXXX for FSA to review my second reconsideration request. She said they're done reviewing applications for the year and she doesn't know how the applications were selected. She explained, " Maybe it was based on their last names. " Mohela tells me they can not help me. FSA tells me I have to wait for Mohela to help me. Payments are about to start and I'm trying to figure out if I should find child care and go back to work for 2 months, or if I'm going to be granted forgiveness, as I believe I should be. I should also mention I submitted a reconsideration waiver in XX/XX/XXXX under the waiver. Thank you for your help.

**Complaint ID**: 7370220
**Consumer complaint narrative**:
On XX/XX/XXXX I submitted my employment verification forms for my PSLF forgiveness. After speaking with a customer service rep, I was told it would take up to 30 days to process and apply the paperwork. After 30 days have passed, I called to check on the status and was then told it could be up to 90 days and that they would get to my account/paperwork when they could. This is unacceptable as the deadline for resuming payments and interest are quickly approaching.

**Complaint ID**: 7362839
**Consumer complaint narrative**:

I applied for the Public Service Loan Forgiveness program. I made 181 qualifying payments towards PSFL, with the 120th payment that triggered forgiveness occurring in XXXX of XXXX. The Missouri Higher Education Loan Authority ( MOHELA ) shows in my XXXX qualifying payments. However, they reported to the US Department of Education 's Federal Student Aid department that our discharge was only effective in XX/XX/XXXX ( instead of the correct date of XX/XX/XXXX ). Because of this error, MOHELA and FSA have not refunded over {$20000.00} in overpayments I made on my student loans between XX/XX/XXXX and XX/XX/XXXX. I have been contacting MOHELA 's customer service lines for PSLF since XX/XX/XXXX and have been given various incorrect or incomplete answers regarding the delay in my refund. When I noted the error between their records of when I reached 120 payments and the discharge date they reported to the USDOE, I was told there was nothing that MOHELA could do to correct the misinformation and complete the refund process.

**Complaint ID**: 7351574
**Consumer complaint narrative**:
I am pursuing PSLF. I have 120 payments as of XX/XX/XXXX, however Mohela has omitted payments from XXXX and XX/XX/XXXX ( they are not listed as eligible or ineligible, they are simply missing ). My payment counts show 118 because of this error. I need this fixed asap so I dont wait around for 2 months for nothing.

**Complaint ID**: 7345910
**Consumer complaint narrative**:
I have been pursuing Public Service Loan Forgiveness ( PSLF ) since XXXX. My loans were being handled by XXXX until they were transferred to MOHELA last fall. I had one employer certification form ( ECF ) in process at the time of the transfer. It had been submitted in XX/XX/XXXX. When my loans transferred to MOHELA, my payment counts had still not been updated, so I re-submitted my ECF, concerned that it may have been lost during the transfer. On XX/XX/XXXX, my ECF was approved and payment counts were updated from XXXX to XXXX, as expected. But in a letter dated XX/XX/XXXX, MOHELA apparently processed the re-submitted form and ( incorrectly ) declared that my employer was an ineligible for-profit institution. My count went down from XXXX to XXXX. The employer on my form was in fact a qualifying 501 ( 3 ) ( c ) nonprofit organization that is listed as an eligible employer on the U.S. Department of Education XXXXs Federal Student Aid Public Service Loan Forgiveness Employer Search tool at XXXX : XXXX. I emailed MOHELA explaining the situation, asking for clarification, and informed MOHELA I was ( re ) resubmitting my form. I received a useless email referring me to the employer search tool. I waited awhile longer for my resubmitted form to be processed. Eventually I saw that it was labeled a " duplicate form. " I did not know what that meant and again reached out to MOHELA on XX/XX/XXXX -- they gave some canned response about unprecedented time delays. I reached out again on XX/XX/XXXX asking for specifics related to the meaning of a " duplicate form " and whether my form had been processed and whether my employer was approved. I got an email response from MOHELA that my form had been processed. They again referred me to the employer search tool, which, mind you, I had already checked -- my employer was listed as eligible. I called MOHELA on XX/XX/XXXX, and was told my employer was not eligible. I explained that my employer was listed on the search tool as eligible and that there was an error in the processing of my form. The MOHELA worker resubmitted my form and said she made a note that my employer was eligible according to the employer search tool. Since

that phone call, nearly six months have passed and well over 90 business days. I have reached out to MOHELA three times and got generic " trust us, we're counting " responses. To date, my payment counts have not updated and I have not received a letter informing me of the results of my submission. It has been more than a year since I first submitted this form and I am beyond frustrated with MOHELA. I have no trust for an organization who has mishandled my case so badly.

**Complaint ID**: 7326336

**Consumer complaint narrative**:

My Federal Students loans were given to Mohela because I applied for their PSLF because I work for a county Healthcare Department. I will out all the paperwork and completed an application for repayment sense the XXXX pause is almost up. I did everything that I was supposed to do. So I received an email saying MOHELA 's Response : Thank you for contacting MOHELA, We apologize for any confusion. Congratulations! Our records indicate that you have exceeded the required 120 qualifying payments needed to receive forgiveness under Public Service Loan Forgiveness ( PSLF ). It will take some time before the forgiveness is processed on your account. There is nothing further you need to do at this time. Once the Department of Education notifies us to process the discharge, you will be sent notification. Please be advised that any refunds you are expected to receive are issued from the U.S. Treasury which can take 60-90 days to receive. We appreciate your patience during this time. If you have any additional questions, please contact us toll free at XXXX. Our hours are Monday XXXX XXXX XXXX XXXX XXXX, Tuesday and Wednesday XXXX XXXX XXXX XXXX XXXX, Thursday and Friday XXXX XXXX XXXX XXXX XXXX XXXX XXXX Thank you, MOHELA Phone XXXX Fax XXXX TDD Dial XXXX XXXX XXXX XXXX XXXX T-W, & XXXX Th-F. XXXX XXXX XXXX XXXX, XXXX, MO XXXX. This message, from a debt collector, is an attempt to collect a debt and any information So I wanted to call and make sure. They said oh sorry we didnt mean to send you that. You still have to pay. If I wouldnt have called I would have never know. Per their email I wouldnt be making payments anymore. Then I would have been in default for not paying. This to me is not something to just brush off. This is their fault. When I called to talk about they couldnt even explain to me how it happened. They hung up on me. What should I do?

139.    The Better Business Bureau ("BBB") website is also rife with similar complaints

against MOHELA, and the average customer review for MOHELA is 1.06 stars out of 5.[33]

Exemplar complaints to the BBB are included below:

- I submitted my PSLF form on October 23, 2023. On MOHELA website it states 30 calendar days for form processing. I have called multiple times since then and received different timelines including 30-45 calendar days and 45 business days. I

---

[33] https://www.bbb.org/us/mo/chesterfield/profile/loans/mohela-0734-110149672 (last visited January 26, 2024). As new BBB complaints are submitted, older complaints are constantly pushed further back on its website. As a result, there may be a discrepancy between the hyperlink and the page the complaint appears on based on the passage of time.

called today which was over 45 business days and now they are unable to give me a timeline.[34]

- I have been waiting for MOHELA to figure out my PSLF eligible payments for several months. They have shown that I have 172 payments eligible for the 120 that are needed to qualify. Therefore, my PSLF has been met. However, my complaint has everything to do with the process of getting through their phone lines and the action they take by calling back and immediately hanging up before you can speak to a representative. I am literally on hold for more than 2 hours (even through it estimated 45 min wait time) as I type this. This is after calling several times before and sitting on hold with no getting through to them. I requested a call back twice and both times the phone will ring and they hang up right away, which forces you to call them back. It is required that I call MOHELA in order to request a refund from a representative, which you will see from reading several other reviews about PSLF refunds. I am seeking for a supervisor to review my account and actually have MOHELA communicate with me. I have sent messages via portal as well with no luck.[35]

- I have contacted Mohela a few times to get help on my PLSF. The first time, the representative hung up on me. The 2nd time, a person (she did not say her name though I asked) laughed at me while supposedly helping me (she was training someone too). I asked her to transfer me to a manager, and instead she hung up on me. I am seeking help to have my loan forgiven as I qualify for PSLF.[36]

- In July of 2022 my student loans were transferred from MyFedLoan to Mohela. At the time, I was enrolled in the ************** Loan Forgivess and eligible for forgiveness in July, 2023. Mohela refuses to accept documentation that I have been working for an eligible employer or update their website to reflect that I am now eligible for student loan forgiveness. I am now paying $356 a month for the past two months even though I became eligible in July of 2023.[37]

- I have submitted at least 3 **** forms to MOHELA since October 2021. In the last 2 years, MOHELA has NOT updated my **** qualifying payment count from 68 payments. I've contacted them through message and by phone. Messages that were responded to only prompted me to call. I called and was told to continue submitting the **** forms and that would prompt MOHELA to update my qualifying payments. I submitted the first form October 2022 and the second form April 2023.

---

[34] https://www.bbb.org/us/mo/chesterfield/profile/loans/mohela-0734-110149672/complaints?page=2 (last visited January 26, 2024).

[35] https://www.bbb.org/us/mo/chesterfield/profile/loans/mohela-0734-110149672/complaints?page=4 (last visited January 26, 2024).

[36] https://www.bbb.org/us/mo/chesterfield/profile/loans/mohela-0734-110149672/complaints?page=5 (last visited January 26, 2024).

[37] https://www.bbb.org/us/mo/chesterfield/profile/loans/mohela-0734-110149672/complaints (last visited January 26, 2024).

The third form will be coming directly from Federal Student Aid and was signed on November 1, 2023. The last time I contacted MOHELA through message was October 24, 2023 and I never received a response. I've posted the message below for reference."You, Mohela, have been my loan servicer since October 2021. In the past 2 years, not ONCE have you updated my **** payments. You have my forms, my employment qualifies, and your response to my previous inquiry in April 2023 said that it would be done in 30 days. When I call, I am told to continue to submit the forms and that will prompt y'all to certify my employment but I submitted one in October 2022, nothing. I submitted the form in April 2023, nothing. I am owed 24 months of employment certification. I'm going to be submitting a third form this week. When will you actually certify those payments?"[38]

- I am writing to file a formal complaint against Mohela. My primary concern related to the ************** Loan Forgiveness (PSLF), for which I am a candidate.Prior to the commencement of my loan repayment scheduled for October, I diligently submitted all necessary documentation to Mohela, confirming that my account was in good standing and ready for the repayment process to begin.On September 30, 2023, without prior notice or request on my part, I was informed that Mohela had placed an Administrative Forbearance on my account. The notification stated that my payment amount would be reduced to $27.92. No explanation was provided as to the rationale for this decision or its potential impact on my eligibility for PSLF, including whether the reduced monthly payment would count towards my qualifying payments for PSLF.Following the notice, I attempted to contact Mohela through multiple channels electronic messaging and telephone. Each attempt was met with undue delay; when I tried to call, the estimated wait time to speak with a representative was stated to be approximately two hours. I have also opted for a callback service to avoid the prolonged waiting period but have not received any callbacks.On October 24, 2023, I received a notification that my request for an income-driven repayment (IDR) plan was denied. The communication stated it was unclear whether the request was for recalculating the monthly payment based on an increase in income. It is noteworthy that I am required to re-certify my IDR plan annually to maintain my PSLF eligibility; hence, Mohelas reasoning is perplexing.This series of events has left me in a state of uncertainty and potential financial jeopardy. Mohela's lack of clear communication, particularly regarding changes that could adversely affect my eligibility for PSLF, is alarming. Further, their unresponsiveness to my attempts at communication is unacceptable for an organization responsible for managing federal student loans.[39]

- Mohela is my student loan provider. I have three complaints to file:1. Well over two months ago, I co-filed with my employer a PSLF qualifying employment verification to update the number of qualifying employments made toward student loan forgiveness. On my Mohela account, the status of this verification has remained as processing for a majority of this period. It should not take this long to

---

[38] *Id.*
[39] *Id.*

update payment counts based on their own digital verification process.2. I had enrolled in auto-debit prior to resumption of student loan repayments. Despite this, my bank account was not auto-debited for the first payment. My payment was deemed late, and the amount owed suddenly doubled. Only after the due date of my payment did I receive a communication from Mohela noting that the first payment may not qualify for auto-debit, and may require user action such as manual payment. I made a manual payment including this late fee to avoid further fees. I was offered no explanation as to why the payment amount doubled. I would like for my payment to be reduced back to the normal amount and for a refund of the doubled amount. I would also like to ask for an explanation as to why the payment amount was doubled.3. It is rather difficult to get ahold of someone at Mohela via telephone due to long wait times. Their automated response service is rather unhelpful.[40]

- During the student loan expansion in October of 2022, I submitted all required documentation to MOHELA and the Department of Education as requested, including certification for employment. I should have 120 qualifying payments. Instead, MOHELA ignored half of my certifications (that qualified- for example I worked for one employer two different periods in 10 years, and they counted one episode of employment but not the other). All are qualifying employers, though one had closed and I had it signed through a colleague who worked with me in that time period. As a result, I am missing qualifying payments and am paying back the full amount rather than the agreed forgiveness amount. Over the last 15 years, I have made regular payments to my ****** *****. Today, I owe more than the original loan amount despite this- due to exorbitant interest rates.[41]

- I have been waiting for full forgiveness of my student loans since I submitted my **** form to Mohela on January 6, 2023. My employment was certified in time for the October 31, 2022 deadline for the **** waiver, and I successfully consolidated to a direct federal student loan with Mohela by November 30, 2022. For several months now, my payment count has stalled, reflecting that I have made 101 out of 120 qualifying payments - with only 19 to go. Meanwhile, the actual payments I've made have far surpassed the amount needed for forgiveness. My payment history does not go further back than June 2014, even though I have been repaying these student loans since before the start of the waiver period (2007). Because Mohela has not processed these remaining 19 qualifying payments, despite at least five phone calls to customer service requesting action, I now have student loan payments restarting in less than two weeks (first payment

---

[40] https://www.bbb.org/us/mo/chesterfield/profile/loans/mohela-0734-110149672/complaints?page=2 (last visited January 26, 2024).

[41] *Id.*

due 10-25-23). Please get Mohela to process the remaining qualifying payments in my tracker so I can receive full loan forgiveness.[42]

- Last October (2022), we applied for the public service loan forgiveness program (under the Limited **** Waiver Opportunity). As part of that process, we consolidated three FFEL loans so they would be eligible for the **** program. Following the consolidation, those loans were moved from our former loan servicer to Mohela. In our **** application, we listed 14 additional loans-- comprising the majority of our student loan amount. They are all federal direct loans and are, thus, eligible for the program with no need for consolidation. When Mohela processed our application, however, they mistakenly only considered the consolidated loans. We waited for several months for all loans to be transferred, but they never were. As such, I contacted Mohela in late spring, and their representative indicated there had been an error and that they would procure the other loans because they are eligible for the **** program. She noted that process would take ***** days. It has been well over that period, so I contacted Mohela again last week. They informed me that they were unsure of the reason for the delay and to contact an agency called Aidvantage, which I subsequently did. The Aidvantage representative informed me, however, that they have nothing to do with these loans because they aren't undergoing consolidation. (Aidvantage apparently does the consolidations for Mohela.) They instructed me to call Mohela back and ask them to procure the loans directly. I have since called back on multiple occasions, sometimes waiting upwards of 2+ hours to speak with a representative, only to have them disconnect the call. I believe they are doing this on purpose. It has now been a YEAR since we applied for ****, and there is no progress in sight. We are entitled by law to participate in this program and need our loans transferred from our current loan service provider (Nelnet) to Mohela ASAP. This time delay, along with no recourse to get the problem resolved, is unacceptable and illegal.[43]

- Mohela is not adjusting my account for ************** Loan Forgiveness.My employment has been certified for 10 years, the one time IDR adjustment/waiver should provide me with the remaining qualifying payments I need. Instead, they want me to make a payment in 2 weeks when my balance should be forgiven. Please adjust my acccount for the time period of August 2013 to November 2014 and December 2015.[44]

- I sent in the PSLF employment certification form to Mohela in at the end on 8/1/2023 for the employment period of 7/1/2021 - 7/31/2023. The form took 6 weeks to be processed but my PSLF payment count was updated wrong

---

[42]  https://www.bbb.org/us/mo/chesterfield/profile/loans/mohela-0734-110149672/complaints?page=3 (last visited January 26, 2024).

[43] *Id.*

[44] https://www.bbb.org/us/mo/chesterfield/profile/loans/mohela-0734-110149672/complaints?page=4 (last visited November 29, 2023).

(increased by 1 only) ?? and looks like they only updated the payment in 7/2023 and ignored the rest of the past 2 years. I did included my W2 for 2021 and 2022 and last copy of my paystub. I called multiple times and was on hold for 2 hours each time and finally able to get through and talked to a representative. She told me they only updated the count in 7/2023 because I only sent in the paystub for that month?? I did included the W2 for 2021 and 2022 to showed that I worked there for the past 2 years. I also included a note from my employer HR that certified my employment period. She told me they have to send in a request for the counts to be fixed. However when I asked how long that would take, she was not able to give me an answer. Are we talking about 1 month, 2 months, 1 year??[45]

- In January 2022 I submitted an application for Public Service Loan Forgiveness. I have over 120 payments to qualify but only 94 have been applied. I started repayment to ****** in 2009-2014. In 2014 I consolidated with the Department of Education Federal Loan program. I made payments from 2014-2020. In July 2022 my loans were transferred from FedLoan to Mohela. My payments should meet the 120 qualifying payments. I have been employed with the U.S. Forest Service and the Department of the Interior since 2009-present. I am well over 10 years of public service. I also served my country in the U.S. Army. I have tried to reach out to the Federal Student Aid System, Federal Student Loans, and now Mohela. Their response is to be patient as there are a lot of people trying to get forgiveness. I have heard of numerous people who went through the process and had loans forgiven within 3 months. I would like to know why I have been waiting in the process for over 1 year and 8 months. I would like for my payments from ****** to be applied so my loans can be forgiven.[46]

- I am a student loan borrower and MOHELA services my loans. I am eligible for public service loan forgiveness having met all requirements. My loans have been eligible for discharge as of March 2023. I have filed my completed paperwork in March and received notification that my employer needed to be verified- even though my employer was last verified by model in October of 2022. I sent in a w-2 as requested to help verify the employer. My March paperwork was not processed, my w-2 was not processed, and I received no indication that there was a problem with my submission. I waited the 90 days that MOHELA has asked for to process forms and called in June 2023 to check on the status. I was told there was nothing I needed to do, and that my forms would be processed in due course. I called again on August 3 2023 as my file had not been updated. I was told I didnt put my name on the top of page two of the form, and this was why nothing had been done. I refiled the correct form. The form was not processed and instead was marked as "duplicate". My file was not updated. I called again on September 9th to escalate the processing and ask for a manual review. I was told that my forms were in order and this would be done in 5 days. It has not been completed. I

---

[45] *Id.*
[46] *Id.*

am seeking assistance to get MOHELA to process my forms and enter my student loans for discharge with the department of education.[47]

## CLASS ACTION ALLEGATIONS

140.    Plaintiffs bring this action on behalf of themselves, and on behalf of the following class pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the proposed classes are defined as follows:

**Nationwide Class**: All persons in the United States who submitted applications for PSLF forgiveness to MOHELA that MOHELA has not yet processed and/or rendered a decision.

**New York Class**: All persons in New York who submitted applications for PSLF forgiveness to MOHELA that MOHELA has not yet processed has not yet processed and/or rendered a decision.

**California Class:** All persons in California who submitted applications for PSLF forgiveness to MOHELA that MOHELA has not yet processed has not yet processed and/or rendered a decision.

141.    Together, the Nationwide Class, the New York Class, and the California Class shall be collectively referred to herein as the "Class." The New York Class and the California Class are pled in the alternative to the Nationwide Class.

142.    Excluded from the Class are Defendants, their affiliates, employees, officers and directors, and the Judge(s) assigned to this case. Plaintiffs reserve the right to modify, change, or expand the Class definitions after conducting discovery.

143.    <u>Numerosity</u>: Upon information and belief, the Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class is unknown at this time, such information being in the sole possession of Defendants and

---

[47] *Id.*

obtainable by Plaintiffs only through the discovery process, Plaintiffs believe that at least thousands or tens of thousands of PSLF applications have not been processed by Defendants.

144.   <u>Existence and Predominance of Common Questions of Fact and Law</u>: Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class members. These common legal and factual questions include, but are not limited to:

    a.   Whether MOHELA has failed to timely process and render decisions on PSLF applications;

    b.   Whether MOHELA's failure to timely process and render decisions on PSLF applications caused damages to Plaintiffs and the Class;

    c.   Whether MOHELA's conduct violates the Fair Debt Collection Practices Act;

    d.   Whether MOHELA's conduct constitutes a breach of contract;

    e.   Whether MOHELA owed Plaintiffs and the Class a fiduciary duty;

    f.   Whether MOHELA's conduct constitutes a breach of its fiduciary duty;

    g.   Whether MOHELA owed duties of care to Plaintiffs and the Class;

    h.   Whether MOHELA's conduct constitutes negligence;

    i.   Whether MOHELA owes Plaintiffs and the Class an accounting;

    j.   Whether MOHELA's conduct constitutes a violation of the state consumer protection statutes asserted herein; and

    k.   Whether the Department of Education breached its contracts with Plaintiffs and the Class.

145.   <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the Class since Plaintiffs and each member of the Class submitted a PSLF application to MOHELA that has not been

processed and/or had a decision rendered. Furthermore, Plaintiffs and all members of the Class sustained monetary and economic injuries including, but not limited to, ascertainable loss arising out of Defendants' wrongful conduct. Plaintiffs are advancing the same claims and legal theories on behalf of herself and all absent Class members.

146.    Adequacy: Plaintiffs are adequate representatives because their interests do not conflict with the interests of the Class that they seek to represent, they have retained counsel that are competent and highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

147.    Superiority: A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiffs and the members of the Class. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class to individually and effectively redress the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation also increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Class can be readily identified and notified based on, *inter alia*, Defendants' records.

148.    <u>Injunctive Relief</u>: Pursuant to Fed. R. Civ. P. 23(b)(2), Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief, corresponding declaratory relief, or final equitable relief with respect to the class as a whole.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE NEW YORK STUDENT LOAN SERVICERS ACT**
**N.Y. Banking Law § 710, *Et. seq.***
**(On Behalf of the New York Class against MOHELA)**

149.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

150.    Plaintiffs Morgan and Novak bring this claim on behalf of themselves and the New York Class against MOHELA.

151.    MOHELA is a "student loan servicer" because it is an entity engaged in the business of servicing student loans owed by one or more borrowers in New York, as defined by N.Y. Banking Law § 710(6).

152.    Plaintiffs Morgan and Novak and the New York Class satisfy the definition of "borrower" as defined by N.Y. Banking Law § 710(2) because they are residents of New York with student loans they have a legal obligation to repay.

153.    Under Section 719, the Student Loan Servicers Act prohibits a student loan servicer from engaging in certain conduct, including:

    a.  Employing any scheme, device, or artifice to defraud or mislead a borrower;

    b.  Engaging in any unfair, deceptive or predatory act or practice toward any person or misrepresent or omit any material information in connection with the servicing of a student loan, including, but not limited to, misrepresenting the amount, nature or

63

terms of any fee or payment due or claimed to be due on a student loan, the terms
and conditions of the loan agreement or the borrower's obligations under the loan;

c.   Misapplying payments to the outstanding balance of any student loan or to any
related interest or fees;

d.   Providing inaccurate information to a consumer reporting agency; and

e.   Making any false statement or making any omission of a material fact in connection
with any information or reports filed with a governmental agency or in connection
with any investigation conducted by the superintendent or another governmental
agency.

154.   MOHELA has violated the prohibitions outlined above by failing to timely process
and render decisions on Plaintiffs' and the New York Class's PSLF applications, as described
above. Specifically, by not timely processing and rendering decisions on the applications,
MOHELA is servicing loans that would otherwise be forgiven, causing it to collect payments from
student loan borrowers and generate revenue from those borrowers when the loans should have
been forgiven through the PSLF program.

155.   MOHELA employed schemes, devices, and artifices to defraud and mislead
Plaintiffs and the New York Class about the status of their loans, the status of their PSLF
applications, and failed to exercise its duty to timely process and render decisions on pending PSLF
applications.

156.   MOHELA's schemes, devices, and artifices caused Plaintiffs and the New York
Class to issue payments to MOHELA when they otherwise would not have if the loan application
had been timely processed and the loan forgiven.

157.    MOHELA also engaged in unfair and deceptive practices toward Plaintiffs and the New York Class by misrepresenting and omitting material information about their PSLF applications, including their obligation to continuing paying the loan.

158.    MOHELA also failed to properly evaluate Plaintiffs and the New York Class for their eligibility for public service loan forgiveness, as described above.

159.    MOHELA's conduct also constitutes a violation of N.Y. Comp. Codes R. & Regs. Tit. 3 § 409.9, which specifically prohibits the use of unfair and abusive acts and practices, which includes conduct that is likely to cause substantial injury to borrowers and materially interferes with the ability of a borrower to understand a term or condition of a student loan or other service or option and takes unreasonable advantage of the lack of understanding of the borrower and the inability of the borrower to protect their own interests.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE NEW YORK GENERAL BUSINESS LAWS**
**N.Y. Gen. Bus. Law § 349,** *et seq.*
**(On Behalf of the New York Class Against MOHELA)**

160.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

161.    Plaintiffs Morgan and Novak bring this claim on behalf of themselves and the New York Class against MOHELA.

162.    The New York General Business Law makes unlawful "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349.

163.    MOHELA has violated N.Y. Gen. Bus. Law § 349 by failing to timely process and render decisions on Plaintiffs and the New York Class's PSLF applications, as described above. Specifically, by not timely processing and rendering decision on the applications, MOHELA is

servicing loans that would otherwise be forgiven, causing it to collect payments from student loan borrowers and generate revenue from those borrowers when the loans should have been forgiven through the PSLF program.

164.    MOHELA employed deceptive acts or practices by not providing timely updates to Plaintiffs and the New York Class about the status of their loans, the status of their PSLF applications, and failed to exercise its duty to timely process and render decisions on pending PSLF applications.

165.    MOHELA caused Plaintiffs and the New York Class to issue payments to MOHELA when they otherwise would not have if the loan application had been timely processed and the loan forgiven.

166.    MOHELA also engaged in unfair and deceptive practices toward Plaintiffs and the New York Class by misrepresenting and omitting material information about their PSLF applications, including their obligation to continuing paying the loan.

167.    MOHELA also failed to properly evaluate Plaintiffs and the New York Class for their eligibility for public service loan forgiveness, as described above.

168.    All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of MOHELA's business. MOHELA's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated, both in the state of New York and nationwide.

169.    Plaintiffs Morgan and Novak, individually and on behalf of the other New York Class Members, request that this Court enter such orders or judgments as may be necessary to enjoin MOHELA from continuing its unfair, unlawful, and/or deceptive practices and seek the recovery of actual damages or $50, whichever is greater, discretionary treble damages up to

$1,000; punitive damages, reasonable attorneys' fees and costs, and any other just and proper relief available under N.Y. Gen. Bus. Law § 349.

<u>**THIRD CAUSE OF ACTION**</u>
**VIOLATIONS OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT**
**Cal. Civ. Code § 1750, *et seq.***
**(On Behalf of the California Class Against MOHELA)**

170.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

171.    Plaintiff Koenig brings this claim on behalf of herself and the California Class against MOHELA.

172.    MOHELA is a person as that term is defined in California Civil Code § 1761(c).

173.    Plaintiff Koenig and the California Class are "consumers" as that term is defined in California Civil Code §1761(d).

174.    MOHELA engaged in unfair and deceptive acts in violation of the CLRA by the practices described above, and by failing to timely process and render decisions on Plaintiffs and the California Class's PSLF applications, as described above. Specifically, by not timely processing and rendering decision on the applications, MOHELA is servicing loans that would otherwise be forgiven, causing it to collect payments from student loan borrowers and generate revenue from those borrowers when the loans should have been forgiven through the PSLF program. These acts and practices violate, at a minimum, the following sections of the CLRA:

> (a)(2) Misrepresenting the source, sponsorship, approval or certification of goods or services;

> (a)(5) Representing that goods or services have sponsorships, characteristics, uses, benefits or quantities which they do not have, or that a person has a sponsorship, approval, status, affiliation or connection which he or she does not have;

> (a)(9) Advertising goods and services with the intent not to sell them as advertised.

175.     MOHELA's unfair or deceptive acts or practices occurred repeatedly in MOHELA's trade or business, and were capable of deceiving a substantial portion of the public.

176.     MOHELA employed deceptive acts or practices by not providing timely updates to Plaintiff and the California Class about the status of their loans, the status of their PSLF applications, and failed to exercise its duty to timely process and render decisions on pending PSLF applications.

177.     MOHELA caused Plaintiff and the California Class to issue payments to MOHELA when they otherwise would not have if the loan application had been timely processed and the loan forgiven.

178.     MOHELA also engaged in unfair and deceptive practices toward Plaintiff and the California Class by misrepresenting and omitting material information about their PSLF applications, including their obligation to continuing paying the loan.

179.     MOHELA also failed to properly evaluate Plaintiff and the California Class for their eligibility for public service loan forgiveness, as described above.

180.     MOHELA's conduct was capable of deceiving a reasonable consumer because a reasonable consumer would have considered the timely processing of PSLF applications to be material.

181.     On January 23, 2023, Plaintiff Koenig provided MOHELA with notice of its violations of the CLRA and she currently seeks injunctive relief under the CLRA. After the 30-day notice period expires, Plaintiff Koenig will amend this Complaint to include a request for monetary damages.

182.     Plaintiff Koenig's and the other California Class members' injuries were proximately caused by MOHELA's fraudulent and deceptive business practices.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW ("UCL")**
**Cal. Bus. & Prof. Code § 17200,** *et seq.*
**(On Behalf of the California Class Against MOHELA)**

183.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

184.    Plaintiff Koenig brings this claim on behalf of herself and the California Class against MOHELA.

185.    The California Unfair Competition Law ("UCL") prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

186.    MOHELA engaged in unfair and deceptive acts in violation of the UCL by the practices described above, and by failing to timely process and render decisions on Plaintiffs and the California Class's PSLF applications, as described above. Specifically, by not timely processing and rendering decision on the applications, MOHELA is servicing loans that would otherwise be forgiven, causing it to collect payments from student loan borrowers and generate revenue from those borrowers when the loans should have been forgiven through the PSLF program.

187.    MOHELA's unfair or deceptive acts or practices occurred repeatedly in MOHELA's trade or business, and were capable of deceiving a substantial portion of the public.

188.    MOHELA employed deceptive acts or practices by not providing timely updates to Plaintiff and the California Class about the status of their loans, the status of their PSLF applications, and failed to exercise its duty to timely process and render decisions on pending PSLF applications.

189. MOHELA caused Plaintiff and the California Class to issue payments to MOHELA when they otherwise would not have if the loan application had been timely processed and the loan forgiven.

190. MOHELA also engaged in unfair and deceptive practices toward Plaintiff and the California Class by misrepresenting and omitting material information about their PSLF applications, including their obligation to continuing paying the loan.

191. MOHELA also failed to properly evaluate Plaintiff and the California Class for their eligibility for public service loan forgiveness, as described above.

192. The injuries suffered by Plaintiff Koenig and the California Class are not greatly outweighed by any potential countervailing benefit to consumers or to competition, nor are they injuries that Plaintiff Koenig and the Class should have reasonably avoided.

193. MOHELA's conduct was capable of deceiving a reasonable consumer because a reasonable consumer would have considered the timely processing of PSLF applications to be material.

194. MOHELA's acts and practices are unlawful because they violate Cal. Civ. Code § 1750, *et seq.* and Cal. Civ. Code § 1788.100, *et seq.*

195. Plaintiff Koenig seeks to enjoin further unlawful, unfair and/or fraudulent acts or practices by MOHELA, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under California Business & Professions Code § 17200.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")**
**15 U.S.C. §1692e**
**(On Behalf of the Nationwide Class or, alternatively, the State Classes Against MOHELA)**

196.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

197.    Plaintiffs bring this claim on behalf of themselves and on behalf of the Nationwide Class, defined above.

198.    MOHELA is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

199.    Plaintiffs and the class are "consumers" pursuant to 15 U.S.C. § 1692a(3).

200.    The student loans serviced by MOHELA are "debts" pursuant to 15 U.S.C. § 1692a(5).

201.    15 U.S.C. § 1692f prohibits unfair or unconscionable means to collect or attempt to collect any debt.

202.    15 U.S.C. § 1692e prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, which includes the use of any false or deceptive means to collect or attempt to collect any debt.

203.    As set forth in detail above, MOHELA has violated the FDCPA by failing to timely process and render decisions on Plaintiffs' and the Class's PSLF applications, as described above. Specifically, by not timely processing and rendering decision on the applications, MOHELA is servicing loans that would otherwise be forgiven, causing it to collect payments from student loan borrowers and generate revenue from those borrowers when the loans should have been forgiven through the PSLF program.

204.    MOHELA defraud and mislead Plaintiffs and the Class about the status of their loans, the status of their PSLF applications, and failed to exercise its duty to timely process and render decisions on pending PSLF applications.

205.    MOHELA caused Plaintiffs and the Class to issue payments to MOHELA when they otherwise would not have if the loan application had been timely processed and the loan forgiven.

206.    MOHELA also engaged in unfair and deceptive practices toward Plaintiffs and the Class by misrepresenting and omitting material information about their PSLF applications, including their obligation to continuing paying the loan.

207.    MOHELA also failed to properly evaluate Plaintiffs and the Class for their eligibility for public service loan forgiveness, as described above.

208.    Pursuant to 15 U.S.C. § 1692k, Plaintiffs are entitled to, and seek, actual damages as well as reasonable costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(On Behalf of the Nationwide Class, or, alternatively, the State Classes Against MOHELA)**

209.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

210.    Plaintiffs bring this claim, under the laws of their respective home states, individually and on behalf of their respective State Classes.

211.    Plaintiffs and the putative Class are third party beneficiaries of the contract entered into between MOHELA and the federal government. Upon information and belief, the terms of that contract include that MOHELA would exercise due and reasonable care in operating the PSLF program, and as such, to act with the utmost care when performing its duty as the PSLF loan

servicer. This includes timely processing PSLF applications and timely rendering decisions on the PSLF applications.

212.    In addition, Plaintiffs and the Class entered into Master Promissory Notes ("MPNs"), which govern the terms of Direct Subsidized and Direct Unsubsidized Loans under the William D. Ford Federal Direct Loan Program. *See* **Exhibit 8**.

213.    MOHELA is also a party to the MPNs, as the MPNs define "we, us, and our" as the "U.S. Department of Education or our servicers." *Id.* at 3 (internal quotation marks omitted).

214.    The terms and conditions of the MPNs state: "The terms of this MPN are determined in accordance with the Higher Education Act of 1965, as amended (the HEA), our regulations, and other federal laws and regulations." *Id.*

215.    The Borrower's Rights and Responsibilities Statement attached to the MPNs also states: "The terms and conditions of loans made under this MPN are determined by the Higher Education Act of 1965, as amended (the HEA), and other federal laws and regulations."

216.    The MPNs also state that "A Public Service Loan Forgiveness (PSLF) program is also available. Under this program, we will forgive the remaining balance due on your Direct Loans after you have made 120 payments (after October 1, 2007) on those loans under certain repayment plans while you are employed full-time by a qualifying employer. The required 120 payments do not have to be consecutive."

217.    Plaintiffs and the Class submitted PSLF applications under the PSLF Program which, as discussed above, was created through College Cost Reduction and Access Act of 2007 ("CCRAA"), that was passed in 2007

218.    Based on the foregoing allegations, MOHELA has breached the terms of the contract, including by failing to timely processing and rendering decision on the applications,

which allowed MOHELA to continue to service loans that would otherwise be forgiven, causing it to collect payments from student loan borrowers and generate revenue from those borrowers when the loans should have been forgiven through the PSLF program.

219.    As a result of MOHELA's breach of contract, Plaintiffs and the putative Class have been damaged in an amount to be proven at trial.

<b>SEVENTH CAUSE OF ACTION<br>BREACH OF FIDUCIARY DUTY<br>(On Behalf of the Nationwide Class, or, alternatively, the State Classes Against MOHELA)</b>

220.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

221.    Plaintiffs bring this claim, under the laws of their respective home states, individually and on behalf of their respective State Subclasses.

222.    As a servicer of Plaintiffs' and the Class's student loans, and as the entity responsible for processing, reviewing, and rendering decisions on PSLF loan forgiveness applications, as well as being the entity responsible for answering Plaintiffs' and the Class's questions and resolving any issues with their student loans, MOHELA has undertaken a fiduciary duty to act or provide advice for the benefit of Plaintiffs and the Class.

223.    MOHELA owed a fiduciary duty to Plaintiffs and the Class to provide adequate benefits and services for their student loan accounts, including but not limited to timely processing and rendering a decision on their PSLF applications, and to provide truthful and accurate information and timely responses regarding the status of their PSLF applications.

224.    MOHELA has breached its fiduciary duties owed to Plaintiffs and the Class by failing to timely process and render decisions on pending PSLF loan applications, and by failing to provide truthful and accurate information regarding the status of their PSLF applications, as

well as failing to provide timely responses to their inquiries about the status of their PSLF applications.

225.     As a result of MOHELA's breaches of fiduciary duties, Plaintiffs and the proposed Class have been damaged in an amount to be proven at trial.

### EIGHTH CAUSE OF ACTION
**NEGLIGENCE**
**(On Behalf of the Nationwide Class, or, alternatively, the State Classes Against MOHELA)**

226.     Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

227.     Plaintiffs bring this claim, under the laws of their respective home states, individually and on behalf of their respective State Subclasses.

228.     MOHELA owed duties to Plaintiffs and the proposed Class to use reasonable care to provide benefits and services for their student loan accounts, including the timely processing of their PSLF applications. Specifically, MOHELA owed Plaintiffs and the proposed Class a duty to exercise due and reasonable care in:

    a.  Processing and rendering decisions on their PSLF applications under the terms of the PSLF program;

    b.  Timely communicating with them regarding the status of their PSLF applications, and providing the ability for them to monitor the status of the application and providing an opportunity to cure any deficiencies; and

    c.  Timely approving PSLF applications and ensuring that all of the necessary paperwork was complete such that their loans were fully and completely discharged, and no balances remained due.

229.    MOHELA's duties of care arose from the special relationship between Plaintiffs and the Class and MOHELA, who entrusted MOHELA to provide financial services in connection with MOHELA servicing their loans. At all times relevant herein, MOHELA acted as a fiduciary to Plaintiffs and the Class and owed them a duty to exercise reasonable care, skill, and ability in processing and reviewing PSLF applications.

230.    MOHELA knew, or should have known, that their processes and operations were insufficient and would cause harm to Plaintiffs and the Class because it did not timely and reasonably comply with the terms of the PSLF program, and in its role as the exclusive student loan servicer for PSLF, it failed to act within industry standards for the student loan industry, and failed to timely process and render decisions on PSLF applications.

231.    MOHELA breached the duties identified above by failing to, *inter alia*: (i) develop and implement a system for timely processing PSLF applications; (ii) ensuring it implemented sufficient systems and employed a sufficient number of trained employees to address the needs of those enrolled in PSLF; (iii) correctly process PSLF applications and render timely decisions; and (iv) take all of the necessary actions to ensure all of the necessary paperwork was complete so that Plaintiffs' and the Class's loan applications were fully and completely discharged, and no balances remained due.

232.    It was foreseeable that MOHELA's foregoing breaches of its duties of care would cause Plaintiffs and the Class harm.

233.    But for MOHELA's wrongful and negligent breaches of their duties of care, Plaintiffs and the Class would not have suffered the harm alleged herein, including the untimely processing of their PSLF applications, and the harm associated with continuing to pay student loans that should have been forgiven.

234.    As a direct and proximate cause of MOHELA's negligence, Plaintiffs and the proposed Class have been damaged in an amount to be proved at trial.

## NINTH CAUSE OF ACTION
### ACCOUNTING
**(On Behalf of the Nationwide Class, or, alternatively, the State Classes Against MOHELA)**

235.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

236.    Plaintiffs bring this claim, under the laws of their respective home states, individually and on behalf of their respective State Subclasses.

237.    Plaintiffs bring this equitable claim in the alternative to the other claims pled herein.

238.    As set forth herein, a fiduciary relationship exists between Plaintiffs and the Class and MOHELA related to Plaintiffs' and the Class's student loans of which MOHELA currently as the servicer.

239.    Plaintiffs seek an accounting so they are able to determine the status of their PSLF applications as well as an opportunity to cure any purported deficiencies so that they can timely receive the student loan forgiveness to which they are entitled.

240.    The status of their PSLF applications cannot be ascertained without an accounting because MOHELA has exclusive knowledge of the status of their application and any purported deficiencies it has identified.

## TENTH CAUSE OF ACTION
### UNJUST ENRICHMENT
**(On Behalf of the Nationwide Class, or, alternatively, the State Classes Against MOHELA)**

241.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

242.    Plaintiffs bring this claim, under the laws of their respective home states, individually and on behalf of their respective State Subclasses.

243.    This claim is pleaded in the alternative to the other claims set forth herein.

244.    Plaintiffs lack an adequate remedy at law.

245.    As the intended and expected result of its conscious wrongdoing, MOHELA has profited and benefited from the service of loans that, if it had timely processed and forgiven the loan forgiveness applications, should have been forgiven.

246.    MOHELA has voluntarily accepted and retained these profits and benefits, knowing that, as a result of its misconduct alleged herein, Plaintiffs and the Class would not be required to pay them if their loan forgiveness applications were timely processed and forgiven.

247.    MOHELA has been unjustly enriched by its deceptive, wrongful, and unscrupulous conduct and by its withholding of benefits and unearned monies from Plaintiffs and the Class rightfully belonging to them.

248.    Equity and good conscience militate against permitting MOHELA to retain these profits and benefits from its wrongful conduct. They should accordingly be disgorged or placed in a constructive trust so that Plaintiffs and Class Members can obtain restitution.

### ELEVENTH CAUSE OF ACTION
### BREACH OF CONTRACT
**(On Behalf of the Nationwide Class, or, alternatively, the State Classes Against the Department of Education and Secretary Miguel Cardona)**

249.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

250.    Plaintiffs bring this claim against the Department of Education and Secretary Miguel Cardona in his official capacity.

251. The Department of Education and Secretary Miguel Cardona have waived sovereign immunity for this claim pursuant to 28 U.S.C. § 1346(a)(2).

252. Plaintiffs and the Class entered into Master Promissory Notes ("MPNs"), which govern the terms of Direct Subsidized and Direct Unsubsidized Loans under the William D. Ford Federal Direct Loan Program. *See* **Exhibit 8**.

253. The terms and conditions of the MPNs state: "The terms of this MPN are determined in accordance with the Higher Education Act of 1965, as amended (the HEA), our regulations, and other federal laws and regulations." *Id.* at p.3.

254. The Borrower's Rights and Responsibilities Statement attached to the MPNs also states: "The terms and conditions of loans made under this MPN are determined by the Higher Education Act of 1965, as amended (the HEA), and other federal laws and regulations."

255. The MPNs also state that "A Public Service Loan Forgiveness (PSLF) program is also available. Under this program, we will forgive the remaining balance due on your Direct Loans after you have made 120 payments (after October 1, 2007) on those loans under certain repayment plans while you are employed full-time by a qualifying employer. The required 120 payments do not have to be consecutive."

256. Plaintiffs and the Class submitted PSLF applications under the PSLF Program which, as discussed above, was created through College Cost Reduction and Access Act of 2007 ("CCRAA"), that was passed in 2007.

257. Plaintiffs completed and submitted PSLF applications, and have not been timely processed and/or had timely decisions rendered, and the Department of Education and Secretary Cardona have not provided the requested loan forgiveness under the MPNs or PSLF.

258.     Upon information and belief, MOHELA's customer service representatives have partially blamed the unreasonably lengthy delays in the processing of PSLF applications on failures of the Department of Education to provide MOHELA with certain information needed to approve the PSLF application.

259.     At all times, Plaintiffs and the Class have performed or substantially performed all material terms of their obligations under the MPNs.

260.     As a proximate cause of the breaches by the Department of Education and Secretary Cardona, Plaintiffs have suffered harm, which includes a delay in the processing of their PSLF applications and the requirement they continue making loan payments when their loans should have been forgiven.

261.     As a result of the breaches by the Department of Education and Secretary Cardona, Plaintiffs and the Class have been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully request that this Court:

A.     determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying the Class as defined above;

B.     appoint Plaintiffs as the representatives of the Class and their counsel as Class Counsel;

C.     award all actual, general, special, incidental, statutory, punitive, and consequential damages to which Plaintiffs and Class members are entitled;

D.     award pre-judgment and post-judgment interest on such monetary relief;

E.      grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires MOHELA to timely process and render decisions on the pending PSLF applications that have been submitted;

F.      award reasonable attorney's fees and costs; and

G.      grant such further relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated: January 26, 2024

Respectfully submitted,

THE SIMON LAW FIRM, P.C.

*/s/ Amy C. Gunn*
Amy Collignon Gunn, #45016
Anthony G. Simon, #38745
800 Market Street, Ste. 1700
St. Louis, MO 63101
Phone: (314) 241-2929
Fax: (314) 241-2029
agunn@simonlawpc.com
asimon@simonlawpc.com
***Attorneys for Plaintiffs***
AND
Joseph G. Sauder
Matthew D. Schelkopf
Joseph B. Kenney
Juliette T. Mogenson
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, PA 19312
Tel: 888-711-9975
Facsimile: 610-421-1326
jgs@sstriallawyers.com
mds@sstriallawyers.com
jbk@sstriallawyers.com
jtm@sstriallawyers.com

*Attorneys for Plaintiffs*
*(pro hac vice applications to be submitted)*