UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SPENCER MORGAN, et al., on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, d/b/a MOHELA, et al.,<br><br>　　　　Defendants. | No. 4:24 CV 147 CDP |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to transfer this case to the judge who is presiding over a related case filed earlier in this district, *Joy, et al. v. Higher Educ. Loan Auth. of the State of Mo.*, Case No. 4:23CV1590 SEP (E.D. Mo.). Plaintiffs contend that Rule 42(a)(3), Federal Rules of Civil Procedure, permits such transfer rather than consolidation, and that the Manual for Complex Litigation (Fourth) § 20.11 encourages it. Pursuant Local Rule 4.03 of this Court, I will deny the motion but without prejudice to be refiled in the lower numbered case.

In actions involving common questions of law or fact, Rule 42(a) allows a court to (1) join for hearing or trial any or all matters at issue in the actions, (2) consolidate the actions, or (3) issue any other orders to avoid unnecessary cost or

delay.  Section 20.11 of the Manual for Complex Litigation suggests that "[a]ll related civil cases pending in the same court should initially be assigned to a single judge to determine whether consolidation, or at least coordination of pretrial proceedings, is feasible and is likely to reduce conflicts and duplication."  Here, plaintiffs do not seek consolidation of the two cases but rather that the same judge preside over them both for coordination purposes, which they claim would increase efficiency, prevent duplicative discovery, preserve resources, and prevent inconsistent pretrial rulings.  They presumed that this case would be directly assigned to the judge presiding over *Joy* given that they informed the Court upon filing the instant case that the two cases were related.

      Local Rule 4.03, which is based on Federal Rule 42, provides that "[a] party desiring the consolidation of related cases shall file a motion in the case bearing the lowest cause number."  While plaintiffs contend that they do not seek consolidation, transfer of the case for coordination as they describe would nevertheless impose similar responsibilities on the presiding judge – that is, to oversee and coordinate the proceedings in both cases to *inter alia* prevent duplicative discovery and inconsistent pretrial rulings.  Those similarities, as well as plaintiffs' invocation of Rule 42(a) itself, bring plaintiffs' motion to transfer within the spirit of Local Rule 4.03.  Plaintiffs must therefore file their motion in the case bearing the lowest number and file a notice of that motion in each related case.  The judge presiding

over the lowest-numbered case will rule the motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Transfer [8] is **DENIED without prejudice** to be refiled in the lowest-numbered case in accordance with Local Rule 4.03 of this Court.

                                        _____
                                        CATHERINE D. PERRY
                                        UNITED STATES DISTRICT JUDGE

Dated this 4th day of March, 2024.